146 S.E.2d 585 (1965)
STATE ex rel. Harold Edward SMITH
v.
Otto C. BOLES, Warden, West Virginia Penitentiary.
No. 12485.
Supreme Court of Appeals of West Virginia.
Submitted July 13, 1965.
Decided July 27, 1965.
Dissenting Opinion September 9, 1965.
Concurring Opinion January 12, 1966.
*586 Peter Anania, Jr., Charleston, for relator.
C. Donald Robertson, Atty. Gen., George H. Mitchell, Asst. Atty. Gen., Charleston, for respondent.
BERRY, Judge:
The petitioner, Harold Edward Smith, an inmate of the West Virginia Penitentiary, invoked the original jurisdiction of this Court by filing a petition herein praying for a writ of habeas corpus. The writ was granted returnable July 6, 1965. The defendant filed a demurrer and return and upon motion of counsel for the petitioner, the case was continued to July 13, 1965, at which time it was submitted for decision upon arguments and briefs.
Three felony indictments were returned against the petitioner in Morgan County, West Virginia, in 1954. He was arraigned in the Circuit Court of said county on *587 September 7, 1954, and pleaded not guilty to each indictment. A trial was had on one of the indictments on September 14, 1954, and a verdict of guilty as charged was returned by the jury. On September 15, 1954, the petitioner again appeared before the court with his attorney and was sentenced to the State Penitentiary for an indeterminate term of from one to ten years, and upon information by the prosecuting attorney of a prior conviction in the State of Pennsylvania, which he admitted in open court, an additional five years was added to his sentence under the provisions of the recidivist statute, Code, 61-11-18, as amended.
It is the contention of the petitioner that the information was not filed and that he was not "duly cautioned", all of which is required by the provisions of Code, 61-11-19, as amended. The record is silent as to both of these contentions.
The return to the writ filed by the defendant avers that the petitioner is legally confined in the West Virginia Penitentiary, pursuant to the judgment rendered by a court of competent jurisdiction; that the judgment is valid on its face; and that a valid commitment was issued under the judgment.
The only exhibits filed by the petitioner and the defendant are certified copies of the orders of the court in connection with the matters involved herein. Four affidavits were attached to the brief filed by counsel for the petitioner after the granting of the continuance requested in this case. These affidavits do not meet the requirements of Code, 53-4-6, and Rule IX, Section 2 of this Court promulgated in 1934, 114 W.Va. 1xxv, with regard to the use of affidavits in habeas corpus and other proceedings in this Court. However, even if the affidavits are considered on the issues, they are not sufficient to warrant the granting of the relief prayed for in this case.
Two of the affidavits are from the petitioner's mother and father and they are practically the same. They merely state that the judge did not caution their son about his plea of guilty or advise him of his constitutional rights; that everything happened so fast and was over before they knew it; also, that they did not understand what happened. The affidavit from his attorney at the trial stated that he didn't recall whether or not the court advised the petitioner of his right to a hearing to determine if he was the individual involved in the prior conviction. He also stated in his affidavit that the prosecutor filed an information alleging that the accused had previously been convicted of a felony in another state. Although the petition only states the conclusion of not being "duly cautioned", the affidavit of the petitioner does contain certain facts indicating that he was not duly cautioned, such as that he was not told that he would be given an additional sentence of five years before he acknowledged the previous convictions.
Although the order is silent with regard to the filing of the information by the prosecuting attorney, it is presumed that a public official will perform his duties as required by law. Adkins v. State Compensation Director, W.Va., 142 S.E.2d 466, 469; Liberty Coal Co. et al. v. Bassett, 108 W. Va. 293, 150 S.E. 745. Then, too, the affidavit of the petitioner's attorney at the time of his original trial, submitted for consideration, states that the information was filed. Therefore, the contention of the petitioner that the additional sentence of five years is invalid on this ground is not well taken.
There is a presumption of regularity of court proceedings that remains until the contrary appears, and the burden is on the person who alleges such irregularity to show it affirmatively; and where an order of a court of record is merely silent upon any particular matter, it will be presumed, notwithstanding such silence, that such court performed its duty in every respect as required by law, with the exception of the fundamental constitutional *588 right of assistance of counsel which is specifically provided for in both the State and Federal Constitutions. 15 R.C.L., Judgments, Section 373; State ex rel. Massey v. Boles, Warden, 149 W.Va. 292, 140 S.E. 2d 608; State ex rel. Ashworth v. Boles, 148 W.Va. 13, 132 S.E.2d 634; State ex rel. Powers v. Boles, 149 W.Va. 6, 138 S.E.2d 159.
This case is governed by the Massey case cited above in which the same issue was raised; and it was held that where the record was silent with regard to duly cautioning an accused when an information was filed alleging prior convictions, it would be presumed that the court performed its duty as required by the recidivist statute. Code, 61-11-19, as amended. This presumption cannot be rebutted by conclusions in the pleadings or otherwise. 39 C.J.S. Habeas Corpus § 80, page 627; State ex rel. Massey v. Boles, Warden, supra; 7 M.J., Evidence, Section 179; Clay v. Walkup, 144 W.Va. 249, 107 S.E.2d 498.
It is the petitioner's contention that he has overcome the presumption of regularity of court proceedings by virtue of the four affidavits attached to the brief heretofore referred to and he cites the cases of State ex rel. Beckett v. Boles, Warden, 149 W. Va. 112, 138 S.E.2d 851 and State ex rel. McClure v. Boles, Warden, W.Va., 142 S.E.2d 773 (decided June 22, 1965), to support this contention. This position is not well taken because, as heretofore stated, the affidavits fall short of the proof required to overcome affirmatively the strong presumption of regularity and requirements for consideration in such cases. Gibson v. Thorn, 122 W.Va. 716, 12 S.E.2d 535; State ex rel. Powers v. Boles, 149 W.Va. 6, 138 S.E.2d 159; 39 C.J.S. Habeas Corpus § 100, page 680; Code, 53-4-6, as amended, and Rule IX, Section 2 of this Court. In both the Beckett and McClure cases it was affirmatively shown by transcripts of the original trial that the petitioner had not been "duly cautioned" as mandatorily required by the statute, Code, 61-11-19, as amended, before the additional sentence was imposed.
The recent case of Hooker v. Boles, Warden, 4 Cir., 346 F.2d 285, (decided May 31, 1965), also relied on by the petitioner to support his contention with regard to not being duly cautioned, is quite different from the case at bar. In that case a hearing was held in the Federal District Court and from the evidence introduced at the hearing it affirmatively appeared that the petitioner had not been "duly cautioned" by the trial court as required by the recidivist statute. Code, 61-11-19, as amended.
The petitioner must prove by a preponderance of the evidence that he was not "duly cautioned", in order to rebut the presumption in such cases. 39 C.J.S. Habeas Corpus § 100, page 674; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830. This he has failed to do in the case at bar.
For the reasons stated herein, the petitioner is not entitled to release from confinement as alleged in his petition and he is therefore remanded to the custody of the defendant.
Prisoner remanded.
CALHOUN, Judge (dissenting).
Very respectfully I dissent from the Court's holding embodied in the majority opinion.
I believe that the prisoner has made a prima facie case in his habeas corpus petition which is supported by his oath; and that the Court has erred in remanding the prisoner without affording him an opportunity to prove his case, if additional proof is deemed necessary. "Assuming that the allegations of a petition for a writ state a case that will entitle the petitioner to a discharge, if proved, the court cannot refuse to hear competent and relevant evidence upon the issues raised by the pleadings." *589 25 Am.Jur., Habeas Corpus, Section 151, pages 247-48.
A habeas corpus proceeding is a civil proceeding. It is commonly used in this state to test the legality of one's restraint as a consequence of criminal proceedings, to determine the right to custody of minor children or to test the legality of a restraint imposed upon one as a consequence of lunacy proceedings. Habeas corpus proceedings, by R.C.P. 81(a) (5), are excluded from the operation of the Rules of Civil Procedure; but I believe that such proceedings otherwise, generally speaking, are governed by the usual principles applicable to pleading and proof in civil cases.
The procedure in habeas corpus in this state is provided for by Article 4 of Chapter 53 of Code, 1931. Our procedure is in this respect sui generis and, therefore, in relation to purely procedural matters, decisions of appellate courts of other jurisdictions are of limited value to us. Our statutory procedure is quite simple and clearly defined.
Section 1 provides that the writ "shall be granted forthwith * * * to any person who shall, by himself or by some one in his behalf, apply for the same by petition, showing by affidavit or other evidence probable cause to believe that he is detained without lawful authority." Section 7 provides that the court or judge, "after hearing the matter both upon the return and any other evidence, shall either discharge or remand" the prisoner or admit him to bail, as may be proper.
The habeas corpus petition in this case specifically alleges that the judge of the Circuit Court of Morgan County failed to "duly caution" the prisoner as required by Code, 1931, 61-11-19, as amended, before the prisoner was required to answer whether he was the same person who had been previously convicted of a felony as alleged in the information. The prisoner asserts that, therefore, the trial court lacked "jurisdiction" to add five years to the sentence under the habitual criminal statute; that he has served the maximum sentence provided by law for the principal offense; and that, therefore, he is entitled to be discharged by habeas corpus from further imprisonment.
The allegations of the petition are verified by the affidavit of the prisoner. In my judgment, the prisoner has thereby made a prima facie showing, exactly the same type of showing we accept regularly in the numerous "assistance of counsel" cases. These allegations do not contradict the court records or orders, because the trial court records are silent in relation to the question whether the prisoner was duly cautioned. Additional affidavits by other persons were submitted by the prisoner, as was stated in the majority opinion.
What showing was made to the contrary to afford basis for the majority opinion? A demurrer to the petition was filed in behalf of the respondent which states a rather singular proposition as follows: "It does not affirmatively appear from the record of petitioner's trial that the trial court did not fully comply with the provisions of Code, 61-11-19 by failing to duly caution him." (Italics supplied.)
A verified answer to the habeas corpus petition also was filed in behalf of the respondent. It contains no specific denial of the factual allegation of the petition that the court did not duly caution the prisoner. It does not allege affirmatively that the prisoner was duly cautioned. The distinguished assistant to the attorney general who appeared before the Court in behalf of the respondent has been impressive by his familiarity with legal principles pertaining to cases of this nature and by his integrity and forthrightness in his many appearances before this Court. He knows fully how to make clear and specific denials, by answer or return, of factual allegations contained in a habeas corpus petition. If the situation had justified it, we may safely assume that he would have made such denial. The only allegation in *590 the return or answer which even remotely tends to deny the factual allegation of the petition is, at most, an allegation of a legal conclusion and is as follows: "Respondent avers that Harold Edward Smith is legally confined in the West Virginia Penitentiary pursuant to the aforesaid judgment, rendered by a court of competent jurisdiction; that the judgment is valid on its face; and that a valid commitment has been issued under said judgment."
Habitual criminal statutes are generally held to be highly penal, in derogation of common law, to be strictly construed against the prosecution and not to be extended to embrace cases not falling clearly within the statutory provisions. 24B C.J.S., Criminal Law, Section 1959, page 438. This Court has held, in line with general principles pertaining to pleadings in civil cases, that, in a habeas corpus proceeding, the facts essential to permit further detention of the prisoner must, in substance, be alleged in the return and that otherwise the prisoner must be discharged. State ex rel. Neider v. Reuff, 29 W.Va. 751, 763, 2 S.E. 801, 807; State ex rel. Vizziri v. Lowe, 103 W.Va. 266, 137 S.E. 10. "The refusal of the respondent to tender an issue as to a specified matter dispenses with the necessity of proof thereon." 39 C.J.S. Habeas Corpus § 97, page 663.
It is true that there is, as a general rule, a presumption of the regularity of proceedings of courts of general jurisdiction but, upon a record silent as to such matters, the presumption is not conclusive but rather it is rebuttable. Here the prisoner has, in my judgment, submitted the only specific, legally sufficient allegation and the only proof on the "duly cautioned" requirement; and yet he is remanded to prison. Even if it be conceded that the allegations of the answer are sufficient to present an issue of fact; and even if it be conceded that the prisoner's sworn pleading and supporting affidavits constitute no measure of proof, the most that can be said for the majority opinion is that the Court has rendered a decision in a serious case on an unresolved issue of fact. The form or nature of the proof submitted by the prisoner has not been challenged or objected to by the respondent. The respondent had adequate time and opportunity to object to the form of the proof, to submit proof, or to ask for a continuance to permit the taking of proof if it were obtainable. He made no legally sufficient denial of the factual allegation of the petition and he submitted no proof by affidavit or otherwise; and yet the prisoner lost his case.
I am troubled by the sweeping, unqualified statements in the majority opinion concerning the scope, nature and general application of the presumption of regularity of court proceedings and the presumption of jurisdictional prerequisites. First, it must be conceded that, upon a silent record, such presumptions are rebuttable. While, as the majority opinion states, the presumption of regularity does not obtain on a silent record as to the constitutional right to assistance of counsel; still the prisoner in such circumstances may prove that, as a matter of fact, he was denied his constitutional right in that respect.
Generally speaking, jurisdiction (aside from such matters as territorial jurisdiction) consists of two elementsjurisdiction of the person and jurisdiction of the subject matter. These same general principles apply to both civil and criminal cases. In cases of trials for criminal law violations, jurisdiction of the subject matter is obtained by the warrant, indictment, presentment or information which charges the crime. Jurisdiction of the person is obtained by the presence of the accused in court to answer the charge. State ex rel. Hinkle v. Skeen, 138 W.Va. 116, 123-124, 75 S.E.2d 223, 227; 22 C.J.S. Criminal Law § 143, page 379, and § 144, page 381.
Courts of record exercising jurisdiction in criminal cases are given jurisdiction in relation to habitual criminal proceedings. That is not a common law jurisdiction, or one inherent in constitutional courts of *591 general jurisdiction. It is a jurisdiction which is wholly of statutory creation. The court obtains jurisdiction of the subject matter by a pleading authorized by statute and designated as an information. Jurisdiction of the accused is obtained by his presence in court, whether in custody of the sheriff, in response to a bond or recognizance, or by voluntary appearance. The information is, of course, essential to the court's jurisdiction to act in the habitual criminal proceeding. Jurisdiction of the subject matter cannot be waived. While in the exercise of that jurisdiction, certain duties are imposed upon the court, I do not believe it follows that performance of such duties, even though mandatory, is jurisdictional in the sense that nonperformance will render the entire proceeding void and subject to collateral attack for lack of jurisdiction. I believe this Court has erred in treating the "duly cautioned" provision as jurisdictional and in holding that non-compliance therewith will render the proceeding void for lack of jurisdiction.
There can be no question in this case of the trial court's jurisdiction of the person of the prisoner in the habitual criminal proceeding. I readily recognize that a proper information in writing is essential to a trial court's jurisdiction of the subject matter in such a proceeding; and that the court loses its jurisdiction of the subject matter under the information unless, before sentence is imposed for the principal offense and before the expiration of the term at which the prisoner was convicted, the court shall cause the prisoner to be brought before it and require him to say whether he is or is not the same person who was convicted of the prior felony or felonies as charged in the information. The court, as I read the statute, is required to duly caution the prisoner only before he acknowledges in open court that he is the same person. As I understand the statute, the court is not required to duly caution the prisoner upon a jury trial of the issue whether he is the same person charged in the information; and this tends to substantiate the proposition that the "duly cautioned" provision is not a jurisdictional prerequisite to a valid sentence under the habitual criminal statute.
Having obtained jurisdiction of the person and of the subject matter in a habitual criminal proceeding, the criminal court may be remiss in performance of duties imposed upon it by law and such errors may require reversal on appeal; but it does not follow that failure to perform duties of a procedural nature constitutes a jurisdictional omission of such nature as to render the proceeding void and subject to collateral attack. Jurisdiction embraces the right to decide incorrectly as well as correctly; to act unlawfully as well as lawfully; and to commit error, even of a prejudicial, reversible nature. These principles were so well illustrated in the final decision in Aldrich v. Aldrich, 147 W.Va. 269, 127 S.E.2d 385; 163 So.2d 276 (Fla.), 378 U.S. 540, 84 S.Ct. 1687, 12 L.Ed.2d 1020. That case illustrates the distinction between jurisdiction of a court as distinguished from its power, right, authority or duty or lack thereof in the exercise of jurisdiction. For reasons stated, I believe the Court is in error in holding that the "duly cautioned" provision is jurisdictional and that the Court, in habeas corpus proceedings, is in error in releasing a flood of prisoners from the penitentiary on the basis of that untenable legal proposition.
Inasmuch as the Court has held in several cases that, even though a court has jurisdiction of the person and of the subject matter in a habitual criminal proceeding, the proceeding may be adjudged to be void and subject to collateral attack because of the manner in which the court procedurally exercises that jurisdiction, I believe additional complications arise in relation to the presumption of regularity of court proceedings. It is not clear to me, but I assume that these decisions dealing with the "duly cautioned" provision of the statute imply that such procedural matter relates to jurisdiction of the subject matter.
*592 This Court has held that jurisdiction. as it relates either to parties or to subject matter, "must affirmatively appear from the record." Dixon et al. v. Hesper Coal & Coke Co. et al., 100 W.Va. 422, pt. 5 syl., 130 S.E. 663; Fulton v. Ramsey et al., 67 W.Va. 321, 326, 68 S.E. 381, 383. To the same effect, see Shelton & Luck v. Snyder, 126 Va. 625, pt. 4 syl., 102 S.E. 83, and cases cited therein; 11 M.J., Jurisdiction, Section 11, page 437. I am troubled, therefore, by the apparent holding as summarized in the syllabus of the majority opinion that it must be presumed that there was before the court an information in writing, the sole pleading by which the trial court, whether a constitutional court or a statutory court, may acquire jurisdiction of the subject matter.
My understanding is that, in our numerous cases in which we have held convictions to be void and subject to collateral attack because of denial of assistance of counsel, we have recognized mandatory constitutional duties on the part of the sentencing court, and that failure of performance of such mandatory duties constitutes a denial of due process of law which, under recent decisions of federal courts, may cause a conviction to be void; but I do not understand that any court has held such matters to be "jurisdictional." The "duly cautioned" provision, however, is merely statutory rather than a "fundamental right" or constitutional right, as is the right to assistance of counsel.
The sweeping language of the syllabus in the majority opinion is not confined to any single type of courts, and it makes no qualification of the presumption of regularity as it may relate to the type of proceeding. "The rule as to presumptions regarding the jurisdiction of courts of general jurisdiction is different with respect to courts of special or limited authority. Their jurisdiction must affirmatively appear by sufficient evidence or a proper averment in the record, otherwise their judgments will be deemed void on their face." (Italics supplied.) 11 M.J., Jurisdiction, Section 27, page 451. "The jurisdiction of a court of limited jurisdiction will not be presumed, unless the jurisdictional facts affirmatively appear from the record, but it is within the constitutional power of the Legislature to change this rule." Slater v. Melton et al., 119 W.Va. 259, pt. 2 syl., 193 S.E. 185. To the same effect, see Boone et al. v. Boone et al., 123 W.Va. 696, 703, 17 S.E.2d 790, 794. "The jurisdictional facts necessary to give a court of special and limited jurisdiction a right to act must appear in the record of its proceedings, or such proceedings will be regarded as had without any jurisdiction and therefore as absolute nullities." Mayer v. Adams, 27 W.Va. 244, pt. 4 syl. See also Yates et al. v. Taylor County Court, 47 W.Va. 376, pt. 3 syl., 35 S.E. 24; Shank et al. v. Town of Ravenswood, 43 W.Va. 242, pt. 3 syl., 27 S.E. 223. Many of the courts of the state which exercise jurisdiction in criminal cases, including jurisdiction in habitual criminal proceedings, are statutory courts of limited jurisdiction. Their jurisdiction cannot be presumed unless such is provided by statute. The majority opinion does not state that there should be a qualification of general principles relating to presumptions of regularity or jurisdiction when applied to courts of limited jurisdiction.
It is true that the habitual criminal proceedings in this case were in a circuit court, which is a constitutional court of general jurisdiction. Even in case of a court of general jurisdiction, however, when it is exercising a jurisdiction which is purely statutory as distinguished from an inherent or common law jurisdiction, such jurisdiction cannot be presumed but must appear affirmatively from the court record. Cruikshank et al. v. Duffield et al., 138 W.Va. 726, 735, 77 S.E.2d 600, 605; Davis v. Town of Point Pleasant, 32 W.Va. 289, 293-294, 9 S.E. 228, 230; Mayer v. Adams, 27 W.Va. 244, 252; Blankenship v. Blankenship, 125 Va. 595, 100 S.E. 538; 22 C.J.S. Criminal Law § 159, page 414; 21 *593 C.J.S. Courts § 96c, pages 151-152. The circuit court in this case, in the habitual criminal proceeding, was not exercising a common law or an inherent jurisdiction but rather one created and regulated wholly by statute. The circuit court's jurisdiction, therefore, cannot be presumed from a silent record. Rather, in order that its actions may be regarded as valid, jurisdictional prerequisities must affirmatively appear from the record. For this reason, it cannot be presumed that an information in writing was before the court; and if the requirement that the court duly caution the prisoner is jurisdictional (which I do not believe it to be), then this jurisdictional prerequisite cannot be presumed but it must affirmatively appear from the record in order that the additional sentence imposed pursuant to the habitual criminal law may be valid even in a court of general jurisdiction.
HAYMOND, Judge (concurring):
I concur in the opinion of the majority in this case and I disagree with certain statements in the dissenting opinion, particularly the statements to the effect that the return of the defendant does not constitute a denial of the allegations in the petition and, in the face of a solemn order of the trial court which is silent as to the action taken by the court with respect to its compliance with the requirements of the recidivist statute of this State, that the petitioner, in his petition and in the affidavits filed by him, has made a prima facie showing that he is entitled to the relief for which he prays in this proceeding. I also challenge the correctness of the statement in the dissenting opinion that this Court is in error in holding that the duly cautioned provision of the recidivist statute is jurisdictional and the statement to the effect that the duly cautioned provision of the recidivist statute is not jurisdictional in character. I also characterize as palpably erroneous and contrary to many decisions of this Court certain statements in the dissenting opinion with regard to the presumption of the regularity of the proceedings and of the existence of jurisdiction exercised by a court of general jurisdiction and particularly the statement that "The circuit court's jurisdiction, therefore, cannot be presumed from a silent record."
It is true, as appears from the statutory provisions of Sections 1 and 7, Article 4, Chapter 53, Code, 1931, some of which are quoted in part in the dissenting opinion, that the Supreme Court of Appeals or any circuit court, or court given power by any particular statute, shall grant the writ of habeas corpus, to any person who shall, by himself or by someone in his behalf, apply for such writ by petition, showing by affidavit or other evidence a proper cause to believe that he is detained without lawful authority and that the court after hearing the matter shall either discharge or remand the petitioner or admit him to bail, as may be proper. It does not follow, however, as the dissenting opinion contends, that upon a verified petition supported by affidavits, such as those filed in the instant proceeding, this Court should, without more, hear the proceeding and grant the petitioner the relief which he seeks. It should not be overlooked that upon the petition and the affidavits this Court did issue the writ, but its issuance merely means that this Court took jurisdiction of the proceeding and does not indicate that upon the hearing the relief sought by the petitioner would be granted. The issuance of the writ in a habeas corpus proceeding does not mean that the relief sought will be granted any more than the granting of an appeal or a writ of error means that the judgment of the lower court will be reversed upon review. In a multiplicity of instances this Court has granted the writ but refused the relief sought in habeas corpus proceedings just as it has done in the instant case. It should also be remembered that the instant proceeding is not a direct proceeding in habeas corpus, such as for instance a proceeding to determine the rightful custody of a child in a controversy between its parents in which, *594 perhaps, the petition, in the absence of any plea, might be taken for confessed and the relief prayed for granted upon the undenied allegations of the petition. That situation, however, does not exist in the case at bar. On the contrary this proceeding is a collateral attack upon a solemn judgment of a court of general jurisdiction, in which no irregularity appears from the record and in which the record is silent with respect to the action taken by the court in determining its jurisdiction and whether, upon the filing of the information, the petitioner was duly cautioned by the court. In a direct proceeding of the character indicated it is unnecessary to rely upon a presumption of regularity as ordinarily no prior judgment of the court is involved, whereas in the instant proceeding there is, by an unbroken line of decisions, a presumption that the court had jurisdiction to hear and determine the issues involved and that, in the absence of any record showing to the contrary, the proceedings were regular in character and complied with all the requirements imposed by law.
In my judgment the return in this proceeding sufficiently denied the material allegations of the petition and operated to require the petitioner to support them by adequate proof. But even if the return was not sufficient for that purpose it is clear to me that the petitioner is not entitled to the relief sought by virtue of the allegations of the verified petition and the affidavits in support of it for the obvious reason that they are not sufficient to overcome the presumption of the regularity of the proceedings had and the jurisdiction of the court to hear and determine the matter. Assuming the presumption to be a rebuttable rather than a conclusive presumption, it is not subject to rebuttal without clear and convincing proof and such proof is absent in this proceeding. If the presumption is conclusive, as numerous decisions of this Court hold, then it could not be overcome by even clear and convincing proof.
Contrary to the assertion in the dissenting opinion that the requirement of the recidivist statute, Section 19, Article 11, Chapter 61, Code, 1931, as amended, that the accused be duly cautioned is not jurisdictional, this Court has uniformly held in numerous decisions, that such requirement is jurisdictional for the reason that the jurisdiction to impose additional punishment under the recidivist statute is conferred by that statute and that failure of the court to comply with its requirements deprives it of jurisdiction to impose any additional punishment provided by the statute. State ex rel. Beckett v. Boles, 149 W.Va. 112, 138 S.E.2d 851; State ex rel. Robb v. Boles, 148 W.Va. 641, 136 S.E.2d 891; State ex rel. Bonnette v. Boles, 148 W.Va. 649, 136 S.E.2d 873; State ex rel. Foster v. Boles, 147 W.Va. 655, 130 S.E.2d 111; State ex rel. Cox v. Boles, 146 W.Va. 392, 120 S.E. 2d 707; Shears v. Adams, 145 W.Va. 250, 114 S.E.2d 585; State ex rel. Browning v. Tucker, 142 W.Va. 830, 98 S.E.2d 740; Dye v. Skeen, 135 W.Va. 90, 62 S.E.2d 681, 24 A.L.R.2d 1234. The requirement that the accused shall be duly cautioned is expressly provided by Section 19 of the statute and this Court has repeatedly held that the provisions of that section are mandatory and must be complied with fully for the imposition of a valid sentence of further confinement under the statute. State ex rel. Beckett v. Boles, 149 W.Va. 112, 138 S.E.2d 851; State ex rel. Robb v. Boles, 148 W.Va. 641, 136 S.E.2d 891; State ex rel. Bonnette v. Boles, 148 W.Va. 649, 136 S.E.2d 873; State ex rel. Foster v. Boles, 147 W.Va. 655, 130 S.E.2d 111; State ex rel. Cox v. Boles, 146 W.Va. 392, 120 S.E.2d 707; State ex rel. Yokum v. Adams, 145 W.Va. 450, 114 S.E.2d 892; State ex rel. Housden v. Adams, 143 W.Va. 601, 103 S.E.2d 873; State ex rel. Browning v. Tucker, 142 W.Va. 830, 98 S.E.2d 740; State ex rel. Medley v. Skeen, 138 W.Va. 409, 76 S.E.2d 146; Dye v. Skeen, 135 W.Va. 90, 62 S.E. 2d 681, 24 A.L.R.2d 1234.
In this proceeding the record of the trial court, a court of general jurisdiction, is silent with respect to its jurisdiction and the regularity of its procedure and in that situation *595 this Court has held in many cases that the presumption that it satisfied and complied with all jurisdictional and procedural requirements for the entry of a valid judgment will be accorded prevailing force and effect. State ex rel. Massey v. Boles, 149 W.Va. 292, 140 S.E.2d 608; Pyles v. Boles, 148 W.Va. 465, 135 S.E.2d 692, certiorari denied, 379 U.S. 864, 85 S.Ct. 130, 13 L.Ed. 2d 67; State ex rel. Ashworth v. Boles, 148 W.Va. 13, 132 S.E.2d 634; Bowles v. Mitchell, 146 W.Va. 474, 120 S.E.2d 697; Rollins v. Daraban, 145 W.Va. 178, 113 S.E.2d 369; State ex rel. Black v. Pennybacker, 144 W.Va. 612, 110 S.E.2d 265; State ex rel. Browning v. Tucker, 142 W.Va. 830, 98 S.E.2d 740; Lieberman v. Lieberman, 142 W.Va. 716, 98 S.E.2d 275; Adkins v. Adkins, 142 W.Va. 646, 97 S.E. 789; State ex rel. Lovejoy v. Skeen, 138 W.Va. 901, 78 S.E.2d 456, certiorari denied, 349 U.S. 940, 75 S.Ct. 736, 99 L.Ed. 1268; Lemley v. Wetzel Coal and Coke Company, 82 W.Va. 153, 95 S.E. 646; Starcher v. South Penn Oil Company, 81 W.Va. 587, 95 S.E. 28; Tomblin v. Peck, 73 W.Va. 336, 80 S.E. 450; State v. Lowe, 21 W.Va. 782, 45 Am.Repts. 570. Point 1 of the syllabus in the Lemley case contains this language: "The power of a court having jurisdiction over a particular subject matter to render a judgment or decree affecting the same cannot be attacked collaterally, unless it appears from the record of the proceeding in which the judgment or decree is entered that the court acted without jurisdiction." The only exception to the foregoing rule is that where the record is silent there is no presumption that the accused was afforded the assistance of counsel or that he waived that right. State ex rel. Bullett v. Boles, W.Va., 143 S.E.2d 133; State ex rel. Massey v. Boles, 149 W.Va. 292, 140 S.E.2d 608; State ex rel. Pettery v. Boles, 149 W.Va. 379, 141 S.E.2d 80; State ex rel. Whytsell v. Boles, 149 W.Va. 324, 141 S.E.2d 70; State ex rel. Arbraugh v. Boles, 149 W.Va. 193, 139 S.E.2d 370; State ex rel. Browning v. Boles, 148 W.Va. 181, 139 S.E.2d 263; State ex rel. Stumbo v. Boles, 149 W.Va. 174, 139 S.E.2d 259; State ex rel. Hicklin v. Boles, 149 W.Va. 163, 139 S.E.2d 182; State ex rel. May v. Boles, 149 W.Va. 155, 139 S.E.2d 177; State ex rel. Powers v. Boles, 149 W.Va. 6, 138 S.E.2d 159.
This Court has also uniformly held that the conviction and sentence of a person in a court of competent jurisdiction, in the absence of a showing that the judgment is wholly or partially void, will not be reviewed in a proceeding in habeas corpus. State ex rel. Duncan v. Boles, 149 W.Va. 334, 140 S.E.2d 798; Pyles v. Boles, 148 W.Va. 465, 135 S.E.2d 692, certiorari denied, 379 U.S. 854, 85 S.Ct. 130, 13 L.Ed.2d 67; State ex rel. Mounts v. Boles, 147 W. Va. 152, 126 S.E.2d 393, certiorari denied, 371 U.S. 930, 83 S.Ct. 298, 9 L.Ed.2d 235; Shears v. Adams, 145 W.Va. 250, 114 S.E. 2d 585; State ex rel. Browning v. Tucker, 142 W.Va. 830, 98 S.E.2d 740; State ex rel. Lovejoy v. Skeen, 138 W.Va. 901, 78 S.E. 2d 456, certiorari denied, 349 U.S. 940, 75 S.Ct. 786, 99 L.Ed. 1268. In Pyles v. Boles, 148 W.Va. 465, 135 S.E.2d 692, certiorari denied, 379 U.S. 864, 85 S.Ct. 130, 13 L.Ed. 2d 67, this Court said that a valid judgment entered in a criminal proceeding in which the court has jurisdiction of the subject matter and the parties cannot be assailed or disturbed in a habeas corpus proceeding. In State ex rel. Lovejoy v. Skeen, 138 W.Va. 901, 78 S.E.2d 456, certiorari denied, 349 U.S. 940, 75 S.Ct. 786, 99 L.Ed. 1268, this Court held in point 1 of the syllabus that "A conviction and sentence of a person in a court of competent jurisdiction, in the absence of a showing that the judgment is wholly or partially void, will not be reviewed in a proceeding in habeas corpus." In the opinion in that case this Court said: "A proceeding in habeas corpus is generally, but not in all instances, a collateral attack upon a former judgment, by virtue of which a person is confined in prison. The instant proceeding is a collateral attack on the judgment of the Circuit Court of Logan County sentencing the petitioner to life imprisonment. `A judgment, valid on its face and rendered by a court of general jurisdiction *596 having jurisdiction of both parties and subject matter, is not open to collateral attack.' Crickmer v. Thomas, 120 W.Va. 769, 200 S.E. 353; Newhart v. Pennybacker, 120 W.Va. 774, 200 S.E. 350; Starcher v. South Penn Oil Co., 81 W.Va. 587, 95 S.E. 28, * * *. A judgment pronounced by a court of competent jurisdiction, valid on its face, will not be disturbed on a writ of habeas corpus, a collateral attack, but the petitioner is left to his remedy by a writ of error. Schad v. McNinch, 103 W.Va. 44, 136 S.E. 865; Ex Parte Evans, 42 W.Va. 242, 44 S.E. 888; Ex Parte Mooney, 26 W.Va. 36."
There is a valid distinction with respect to the presumption of jurisdiction between a court of general jurisdiction and a court of special jurisdiction. Courts of general jurisdiction are presumed to have jurisdiction of both the subject matter and parties to causes in which they render judgments. 11 M.J., Jurisdiction, Section 23; and if the record of a cause shows that the court had jurisdiction it is conclusively presumed to speak the truth in that particular, and the judgment, unless successfully assailed for fraud or collusion, is binding until reversed upon appeal or such direct rehearing as may be warranted by law. 11 M.J., Jurisdiction, Section 25; point 1, syllabus, Plant v. Humphries, 66 W.Va. 88, 66 S.E. 94, 26 L.R.A., N.S., 558. On the other hand there is no such presumption as to the jurisdiction of courts of special or limited jurisdiction and the jurisdiction of those courts must affirmatively appear by sufficient evidence or a proper averment in the record, or their judgments will be deemed to be void on their face. 11 M.J., Jurisdiction, Section 27; 30 Am.Jur., Judgments, Section 34; 21 C.J.S. Courts § 96a; 49 C.J.S. Judgments § 425a(1). In 30 Am.Jur., Judgments, Section 887, the text contains these statements: "The mere fact that the jurisdiction of a court to render a particular judgment does not appear of record does not render such judgment subject to collateral attack. Indeed, the general rule is that a collateral attack may not be made upon a judgment where the absence of jurisdiction does not appear upon the record. Under this rule, the validity of a judgment when collaterally attacked must be tried by an inspection of the record alone, and no other or further evidence on the subject is admissible, even though such evidence might be sufficient to impeach the judgment in a direct proceeding against it. Where the record is silent as to the existence of any fact necessary to the validity of a judgment, it is presumed on collateral attack that the court inquired into and found the existence of such fact." In Evans v. Johnson, 39 W.Va. 299, 19 S.E. 623, 23 L.R.A. 737, 45 Am.St.Rep. 912, this Court said in the opinion that as to courts of general jurisdiction, their jurisdiction will be presumed and need not affirmatively appear unless the want of jurisdiction does appear. See also Davis v. Town of Point Pleasant, 32 W.Va. 289, 9 S.E. 228; Wandling v. Straw and Morton, 25 W.Va. 692.
This Court has held, in effect, in numerous cases, that where the record of a court of general jurisdiction is merely silent with respect to the matter affecting its jurisdiction or the regularity of its proceeding, the presumption is conclusive that it satisfied and complied with all jurisdictional and procedural requirements. Pyles v. Boles, 148 W.Va. 465, 135 S.E.2d 692, certiorari denied, 379 U.S. 864, 85 S.Ct. 130, 13 L.Ed.2d 67; Crickmer v. Thomas, 120 W.Va. 769, 200 S.E. 353; Newhart v. Pennybacker, 120 W.Va. 774, 200 S.E. 350, 754; Schad v. McNinch, 103 W.Va. 44, 136 S.E. 865; Lemley v. Wetzel Coal and Coke Company, 82 W.Va. 153, 95 S.E. 646; Starcher v. South Penn Oil Company, 81 W.Va. 587, 95 S.E. 28. In the Starcher case, in which the validity of the appointment of a personal representative by the clerk of the county court, which was confirmed by the county court at a regular session, was attacked collaterally, this Court said that the order of the county court, a court of general jurisdiction with respect to such appointment, which confirmed the appointment, was not subject *597 to collateral attack, and in point 3 of the syllabus held that "Ordinarily the orders and decrees of a court touching a subject-matter over which it has general jurisdiction are not open to collateral attack." In the opinion are these statements: "Ordinarily, where a court has general jurisdiction of a subject-matter, and its records show the proper exercise of that jurisdiction, such records are conclusive except in a proper proceeding attacking their validity.", and, with respect to such appointment, "it must be held that where the record of the county court shows the appointment of an administrator in the regular way such appointment and such record cannot be attacked collaterally. It must be attacked in a suit brought for that purpose or by appeal from the order of his appointment. * * *."
It is clear, however, that whether the foregoing presumption is a rebuttable presumption or a conclusive presumption, the petitioner has failed to establish, by adequate proof, that he should be granted the relief which he seeks in this proceeding, and for that reason he is not entitled to be released from his present confinement in the penitentiary of this State.
It is to be noted that in the Federal Courts a proceeding in habeas corpus under the federal statute, the Judiciary Act of February 5, 1867, Chapter 28, Section 1, 14 Stat. 385, as amended, has been, in large measure, converted into an appeal or writ of error, in which various factual matters may be considered and determined in ascertaining whether the petitioner is entitled to the relief which he seeks in such proceeding. See dissenting opinion of Justice Clark in Fay v. Noia, 372 U.S. 391, at page 446, 83 S.Ct. 822, 9 L.Ed.2d 837. In the Fay case the court held that even if the state court adjudication turns wholly on primary, historical facts, a Federal District Court has a broad power in habeas corpus to hold an evidentiary hearing and determine the facts. In Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, the Court held that when an application by a state prisoner to a Federal Court for a writ of habeas corpus alleges facts which, if proved would entitle him to relief, the Federal Court in which the application is made has the power to receive the evidence and try the facts anew. The Court also held that where the facts are in dispute, the Federal District Court must grant an evidentiary hearing if (1) the merits of the factual dispute were not resolved in the state hearing, either at the time of the trial or in a collateral proceeding; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the State Court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the applicant a full and fair fact hearing. Notwithstanding the expansion of the procedure in the Federal Courts to conduct an evidentiary hearing anew, this Court has held in many cases that a habeas corpus proceeding is not a substitute for a writ of error or other appellate process and that a valid judgment entered in a criminal proceeding, in which the court has jurisdiction of the subject matter and the parties, can not be assailed or disturbed in a habeas corpus proceeding. Pyles v. Boles, 148 W.Va. 465, 135 S.E.2d 692, certiorari denied, 379 U.S. 864, 85 S.Ct. 130, 13 L.Ed.2d 67; State ex rel. Nicholson v. Boles, 148 W.Va. 229, 134 S.E.2d 576, certiorari denied, 375 U.S. 25, 84 S.Ct. 89, 11 L.Ed.2d 43; State ex rel. Clark v. Adams, 144 W.Va. 771, 111 S.E.2d 336, 89 A.L.R.2d 528, certiorari denied, 363 U.S. 807, 80 S.Ct. 1242, 4 L.Ed.2d 1149; State ex rel. Lovejoy v. Skeen, 138 W.Va. 901, 78 S.E.2d 456, certiorari denied, 349 U.S. 940, 75 S.Ct. 786, 99 L.Ed. 1268; and the many cases cited in the opinion in the Clark case. I am not disposed to depart from that *598 principle or to refuse to apply it in a proceeding in habeas corpus.
In my judgment the decision of the majority in this proceeding is clearly right and is in all respects fully sustained by many prior decisions of this Court. In consequence it has my approval and elicits this concurrence.
BROWNING, Judge (concurring):
I am in agreement with the majority of this Court to deny the petitioner the relief sought and remand him to the penitentiary. However, I am not wholly in agreement with the single syllabus point, the majority opinion, the dissenting opinion or the separate concurring opinion, which were filed in the clerk's office in that order. There is no question in this case relative to counsel; therefore it is not controlled by Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, and State ex rel. May v. Boles, Warden, 149 W.Va. 155, 139 S.E.2d 177. It is good, in my opinion, that what appeared to be a routine habeas corpus proceeding has resulted in four opinions by this Court and I trust that all that is said in these opinions will reorient this Court upon the issues created by the Gideon case, which has resulted in a deluge of habeas corpus proceedings in this Court. No one knows everything about anything, including habeas corpus, jurisdiction, presumptions, either of the rebuttable or irrebuttable type, and I am not writing this opinion for the purpose of proving, even if I could, that I am right and some or all of the other judges are wrong. However, it is time, I believe, that we review our decisions and, if there are inconsistencies in them, that we return to the fundamentals and, if necessary, overrule any such decisions, so that the judiciary and the bar of this state might know the position of this Court upon the issues presented therein. There is no question in the principal case but that the petitioner had an attorney at his trial; that he entered a plea of not guilty of the principal offense; that he was convicted by a jury of one of the felonies charged against him; that the prosecuting attorney in due time filed an information reciting that the prisoner had theretofore been convicted of a felony; and that the trial court pursuant to the applicable statute sentenced the prisoner to serve a term of one to fifteen years, five years of which having been imposed because of the previous felony conviction. The only question then which arises in this case relates to the provision of the recidivist statute requiring a trial judge to "duly caution" a defendant theretofore convicted of a felony against whom an information has been filed as to the consequences of acknowledging that he is the same person named in the information. The final judgment of the trial court is silent with regard to the allegation of the petition in this Court that prior to sentencing the petitioner was not "duly cautioned" by the trial judge as to the consequences of his acknowledging that he was the same person theretofore convicted of a felony as alleged in the information. I am in agreement with that part of the syllabus in the majority opinion which states "There is a presumption of regularity of court proceedings that remains until the contrary appears," but not with the following clause, "and the burden is on the person who alleges such irregularity to show it affirmatively * * *." I am also in accord with the remainder of the syllabus point to the effect that when a record is merely silent upon any question "it will be presumed, notwithstanding such silence, that such court performed its duty in every respect as required by law, with the exception of the fundamental constitutional right of assistance of counsel which is specifically provided for in both the State and Federal Constitutions." In the next to the last paragraph of the typewritten majority opinion is this statement: "The petitioner must prove by a preponderance of the evidence that he was not `duly cautioned' in *599 order to rebut the presumption in such cases." This statement is contained on page eleven of the typewritten concurring opinion: "This Court has held, in effect, in numerous cases, that where the record of a court of general jurisdiction is merely silent with respect to the matter affecting its jurisdiction or the regularity of its proceeding, the presumption is conclusive that it satisfied and complied with all jurisdictional and procedural requirements.", citing several decisions of this Court in support thereof. (Italics supplied.) If the presumption is conclusive, why talk about the petitioner being required to prove lack of "jurisdiction" by an affirmative showing? The judgment of a trial court when all of these circumstances prevail is either conclusive, and for that reason cannot be attacked collaterally, or we have converted a habeas corpus proceeding into a direct attack upon such judgment. In Starcher v. South Penn Oil Co., 81 W.Va. 587, 95 S.E. 28, this Court held that the order of a court of general jurisdiction, unambiguous upon its face, was not subject to collateral attack. This is the third point of the syllabus: "Ordinarily the orders and decrees of a court touching a subject-matter over which it has general jurisdiction are not open to collateral attack." Furthermore, the Court said in its opinion that "where a court has general jurisdiction of a subject-matter, and its records show the proper exercise of that jurisdiction, such records are conclusive except in a proper proceeding attacking their validity." (Italics supplied.)
This is the second syllabus point in State v. Tinovits, 72 W.Va. 531, 78 S.E. 664: "The record of a court having jurisdiction of the parties and of the subject-matter, and the facts recited therein upon which final judgment was pronounced, cannot, after the end of the term, be impeached by certificates of court officers or ex parte affidavits of the parties." In that case this Court held that the final judgment order of a trial court was "a verity" and that it could not be attacked even by a certificate of the judge who presided at the hearing. This sentence would certainly leave no room for doubt as to how this and several other pertinent cases should be or should have been decided: "We do not think the affidavit or certificate of the judge himself can be received for this purpose, certainly not in an appellate court." As authority for that holding this Court cited Braden v. Reitzenberger, 18 W.Va. 286; State v. Vest, 21 W.Va. 796; National Valley Bank of Staunton v. Houston, 66 W.Va. 336, 66 S.E. 465. Perhaps in the clearest and most unambiguous language Judge Ritz in Lemley v. Wetzel Coal & Coke Co., 82 W.Va. 153, 95 S.E. 646, has laid down the rule by which we are bound unless we overrule many decisions of this Court. He said: "Can the finding of the circuit court, as shown by its decree as above recited, be questioned in this way? This is not a bill to review the proceeding had for the sale of this interest, nor is it a direct attack upon said proceeding, but it proceeds entirely upon the theory that the circuit court obtained no jurisdiction to sell the infants' land, and that all proceedings had by it were coram non judice. The attempt is made to show this lack of jurisdiction, not by anything contained in the record of the proceeding in the circuit court, but by a record from the county court * * *." Let me emphasize the following short sentence from that opinion: "The policy of our law is to give to the judgment of the courts full faith and credit, unless it appears from the record of the proceeding in which the judgment was rendered that such court did not have jurisdiction to render it.", citing cases. (Italics supplied.) This statement appears also in that opinion: "We think that in a collateral proceeding like this the recitals of findings of fact upon which jurisdiction depends are conclusive, and cannot be controverted by any evidence outside of the record of the proceeding in which the decree or judgment was entered." Thereafter he states what *600 we all knowthat a different rule would prevail if the lack of jurisdiction appeared from the record itself of the court whose final decision was being collaterally attacked.
Habeas corpus is a civil proceeding and is, with the exception of the question of counsel, not to be distinguished from any other civil action as far as procedure and substantive law are concerned, whether the judgment assailed was rendered in a civil or criminal cause. Frankly, I thought that we had long ago firmly laid down a rule with regard to a silent record, attacked in this Court, in a habeas corpus proceeding. This is the first syllabus point of State ex rel. Lovejoy v. Skeen, Warden, 138 W.Va. 901, 78 S.E.2d 456: "A conviction and sentence of a person in a court of competent jurisdiction, in the absence of a showing that the judgment is wholly or partially void, will not be reviewed in a proceeding in habeas corpus." It is not enough that the judgment of a court of record be silent upon a jurisdictional question; such want of jurisdiction must affirmatively appear to rebut the strong presumption of validity. This is the first syllabus point of Wandling v. Straw & Morton, 25 W.Va. 692: "The validity of a judgment of a court of record can not be collaterally attacked, on the ground that the court had no jurisdiction, unless the want of jurisdiction appears upon the face of the record." (Italics supplied.) Certainly no want of jurisdiction appears upon the face of the record of this case, the judgment and record of the trial court being merely silent upon the question of "jurisdiction". Reverting to the Lovejoy case, the Court said in the opinion, relative to the provisions of the recidivist statute for the filing of an information and the duly cautioning of the prisoner:
"The Circuit Court of Logan County failed to show by its order that the requirements of Chapter 31 id. as above quoted, were met. The failure of the court to show by such order the procedure outlined above may have been erroneous. We do not decide that question. We are of opinion however, that the failure to obey the terms of Chapter 31 id. does not render the judgment of the Circuit Court of Logan County, sentencing the petitioner to life imprisonment, void. Trial courts should be careful to obey the mandate of applicable statutes in such grave matters as sentencing a person to life imprisonment.
"In absence of a showing otherwise, we assume that the Circuit Court of Logan County followed the statute in pronouncing sentence, but omitted through inadvertence, a statement of such action."
In the opinion in the Lovejoy case the Court cited and relied upon Ex parte Evans, 42 W.Va. 242, 44 S.E. 888, the Ex parte Mooney, 26 W.Va. 36. The rule laid down in the Lovejoy case was reaffirmed by this Court in State ex rel. Browning v. Tucker, 142 W.Va. 830, 98 S.E.2d 740, but the Court distinguished the Browning case from the Lovejoy case upon the facts, although I was unable to make such distinction as will be shown by my dissenting opinion in that case. This statement appears in the majority opinion of the Browning case: "When the record of a court of general jurisdiction is merely silent with respect to a matter affecting its jurisdiction, the presumption that it satisfied and complied with all jurisdictional requirements for the entry of a valid judgment will be accorded prevailing force and effect.", citing decisions of this Court in support thereof.
These are the 11th and 13th syllabus points of the very recent case of Pyles v. Boles, Warden (1964), 148 W.Va. 465, 135 S.E.2d 692:
"When the record of a court of general jurisdiction is merely silent with respect to a matter affecting its *601 jurisdiction or the regularity of its procedure, the presumption that it satisfied and complied with all jurisdictional and procedural requirements for the entry of a valid judgment will be accorded prevailing force and effect." Syl. Pt. 11.
"A habeas corpus proceeding is not a substitute for a writ of error or other appellate process, and a valid judgment entered in a criminal proceeding in which the court has jurisdiction of the subject matter and the parties can not be assailed or disturbed in a habeas corpus proceeding." Syl. Pt. 13.
Many decisions of this Court are cited in support of those points. Certain it is that the requirement of the recidivist statute is either "jurisdictional" or "procedural". Therefore, it is not clear to me why in the majority opinion and in the concurring opinion such statements as "the affidavits fall short of the proof required to overcome affirmatively the strong presumption of regularity and requirements for consideration in such cases" or "In my judgment the return in this proceeding sufficiently denied the material allegations of the petition and operated to require the petitioner to support them by adequate proof" appear. It is true that in the majority opinion and in the concurring opinion the primary reason for denying the writ is stated, but I would have stopped there and said nothing about permitting evidence to rebut the language of the judgment order or the material recitals thereof as to which the order is silent in view of the presumption as shown by many cases herein cited. To do so is misleading to attorneys and trial judges who may be bound by the precedents of this Court.
Strangely enough, none of the opinions in the Lovejoy, Browning or Pyles cases refers to the decision of this Court in State ex rel. Hall v. Skeen, decided January 29, 1952, 136 W.Va. 805, 68 S.E.2d 683, although it was decided less than two years before the Lovejoy case. Nor can I find the Hall case cited in any of the recent habeas corpus cases that have been decided by this Court although it was cited in the dissenting opinion in the Browning case. These are the pertinent facts in the Hall case: The orders of the Circuit Court of Logan County showed that Hall was indicted jointly with Smith and Armstrong for the crime of "armed robbery" and on May 17, 1946, Smith and Armstrong pleaded guilty but Hall pleaded not guilty and demanded a jury trial. The case was set for trial on May 24, following. In the opinion it is stated that "It is clear that counsel consulted with relator, along with the other two defendants to the indictment, and had the benefit of the file prepared by members of the Department of Public Safety on the case. Following a conference between counsel, relator and the other two defendants, a plea of guilty was entered by the relator." (Italics supplied.) The final judgment of the Circuit Court of Logan County, which appears in the opinion in full, shows the indictment, the guilty plea and the sentencing of the petitioner to the penitentiary of this state for the remainder of his natural life. More than five years thereafter Hall filed a petition in this Court seeking a writ of habeas corpus ad subjiciendum alleging, among other things, that he did not enter a plea of guilty when arraigned as stated in the judgment of the court and that he was "not guilty of armed robbery because I was forced by gun point to go with Smith and Armstrong." He further alleged that he tried to plead not guilty but "I was again taken before the bar and Prosecutor Chauncey Browning told Honorable Judge Chambers that I was guilty, so there was no further need for talk." The writ was granted by this Court, counsel was appointed for the petitioner, and a hearing was held in December, 1951, at which "testimony on the part of relator, and on the part of the State, was taken at Logan * * * duly certified, filed and considered by the Court." Although *602 the prisoner was remanded because "the evidence does not warrant us in sustaining the contention of relator that he did not enter an unconditional plea of guilty to the charge of armed robbery lodged against him", these statements appear in the unanimous opinion of the Court: "In awarding the writ in this case, it was assumed by this Court that if the allegations of relator were shown to be true, the Circuit Court of Logan County was without jurisdiction to impose any sentence; and that its action in imposing a sentence in the absence of a plea of guilty or of proof of the crime, made the sentence imposed absolutely void. If this be true, then the order that was entered by the circuit court, which shows a plea of guilty, must, in the very nature of things, be open to contradiction, otherwise there could never be a showing that no plea of guilty had been entered, or that the court had refused to accept a plea of not guilty, as is contended in this case. The authorities cited by the State in support of the contention that the order of the circuit court which shows the entry of the plea of guilty imported a verity, and could not be disproved, are not convincing. At most these cases bear on the question of collateral attack on court records. But if the action of a court can be shown to have been without jurisdiction, and to be void, the general rule is that a direct attack may be made at any time and in any proceeding, and this is particularly true in habeas corpus cases, where relief depends on a showing that the proceeding under attack was void from the beginning. We think, therefore, that relator was entitled to a hearing on the allegations of his petition, and that he is not precluded from showing facts surrounding his arraignment and plea by the fact that a court order exists showing the entry of a plea of guilty, which, if true, would preclude relief." (Italics supplied.) It is my opinion that the decision of the Hall case cannot be reconciled with other decisions of this Court and I would specifically overrule it.
In the majority opinion the decisions of this Court in State ex rel. McClure v. Boles, Warden, W.Va., 142 S.E.2d 773, and State ex rel. Beckett v. Boles, Warden, 149 W.Va. 112, 138 S.E.2d 851, are cited in support thereof. It is my opinion, in retrospect, that both of those decisions are palpably erroneous, in that we therein reverted to the rule of the Hall case, and cannot be reconciled with the other decisions of this Court that neither a judgment which is clear and conclusive in its recital of essential facts nor one which is silent thereon can be impeached by collateral attack. In the McClure case "The order of the circuit court sentencing the petitioner to life imprisonment contains no recital that the petitioner was duly cautioned concerning his identity with respect to the two prior convictions but merely states that the prosecuting attorney filed an information that the defendant had been twice before convicted of a felony and that the circuit court sentenced the petitioner to be confined in the penitentiary of this State for the remainder of his natural life * * *." It will be noted that the judgment was not silent upon the question of the filing of an information but was silent as to whether the petitioner was duly cautioned. If this Court in the Lovejoy case could say that if the judgment was silent as to both the filing of an information and the cautioning of the prisoner, it would be presumed that the trial court had followed the required procedure, I cannot reconcile our decision in the McClure case therewith. It is true that in the McClure case "[t]he transcript of the proceedings which occurred upon the filing of the information" shows certain action by the court and the procedure, which, if true, would show that the prisoner was not duly cautioned. However, "the transcript of the proceeding" could not be considered as a part of the record of the trial court and I fear that we have *603 shifted again and made of a habeas corpus proceeding a direct rather than a collateral attack upon the judgment of a trial court. The same is true, in my opinion of the Beckett case, where the final judgment showed that the petitioner conferred "with his attorney and after being duly cautioned of his rights, acknowledged in open court that he was the same person who had been previously convicted of the three offenses set forth in the information." (Italics supplied.) No presumption was necessary in that case, the judgment of the trial court affirmatively showing that the prisoner, prior to his sentence, was duly cautioned. This Court, again relying upon "a transcript of the proceedings taken in connection with the entry of the plea of guilty by the defendant and the action of the court upon the information," gave controlling force thereto rather than the clear statement in the judgment to the contrary.
If the affidavit of the trial judge himself could not be considered in collaterally attacking a final judgment of the Court, as was held in the Lemley case, certainly it must be that this Court erred grievously in permitting "a transcript of the proceedings", which was not and could not possibly have been a part of the record in those cases, and certainly not a part of the final judgment, to serve that purpose. It goes without saying that the testimony, and certain other proceedings, had upon the trial of a criminal case are not a part of the record unless specifically made so by bill of exceptions, or certificate in lieu thereof, within the time permitted by statute or proper extensions thereof, and, though some papers or writings may become a part of the record in this Court under our rules pertaining to original proceedings, such do not necessarily constitute a part of the record of the trial court whose judgment is being attacked, the only record to which we may look to determine whether an invalidity appears on the face thereof.
There are several other cases decided by this Court which I have not referred to herein including, but by no means limited to, State ex rel. Mounts v. Boles, 147 W.Va. 152, 126 S.E.2d 393; State ex rel. Post v. Boles, 147 W.Va. 26, 124 S.E.2d 697; State ex rel. Cox v. Boles, 146 W. Va. 392, 120 S.E.2d 707; State ex rel. Favors v. Tucker, 143 W.Va. 130, 100 S.E.2d 411; Brouzas v. City of Morgantown, 144 W.Va. 1, 106 S.E.2d 244, which point up the inconsistent positions adopted by this Court with regard to collateral attacks upon a judgment and, while I am firmly of the opinion that the better course would be to conform to the principle of the Lovejoy, Browning and Pyles cases, and the others consistent therewith, I believe that in the interests of fairness, justice and consistency we should adopt a definite rule overruling any inconsistent cases and thereafter adhere to it to the end that one person may not be confined to the penitentiary while another goes free in analogous circumstances.
While not attempting to evade my own responsibility in the matter, I am of the opinion that considerable confusion has resulted from the decisions of this Court in habeas corpus proceedings because of the use, for lack of a more precise term, of the word "jurisdiction". Literally it means "I speak by the law" and comes from two Latin words "Juris" and "Dico". It is the power, the right, the authority of a judge to pronounce a sentence of the law in a case or issue before him, acquired through due process of law. "Jurisdiction" does not relate to the rights of the parties, it is the power to decide a justiciable controversy between them. It is the power to decide such a controversy either way as the merits may require. It is my opinion that the views expressed in the separate concurring opinion and the dissenting opinion would not seem so divergent if the word "jurisdiction" had not been used so profusely and, in many instances, in my opinion, where it was not the proper term. A court can be created *604 and function in this state in only one of two ways: by the constitution or by a valid act of the legislature of this state. If it is a constitutional court or, as we know them, a circuit court, such court exercises all of the jurisdiction that is given to it by the constitution, the legislature or, where the latter has not spoken, the common law. The constitution of this state permits and empowers the legislature to create courts of limited jurisdiction and the only power they have comes from the legislative act which creates them. Jurisdiction in its true sense does not come from the parties to an action, suit or proceeding and thus cannot be conferred by the litigants, but it can come only from the constitution or the legislature. Such terms as "jurisdiction of the subject matter", "jurisdiction of the person", "territorial jurisdiction", "jurisdiction to pronounce sentence" or "had jurisdiction but exceeded his legitimate powers" are judicial linguistic and legalistic monstrosities that confound and mislead but never clarify. Of course the trial judge must be empowered to preside over the case before him, process must be served upon the parties, he must be in his circuit or county, he must hold court in the courthouse or other place provided by law, etc., to render a valid judgment.
There are two kinds of error that a trial court may commit: (a) those that are irregular, and (b) those that are illegal. Judge Brannon in the opinion in Ex Parte Evans, 42 W.Va. 242, 24 S.E. 888, defines the difference thus: "The circuit court of Monongalia has jurisdiction of cases under certain circumstances to enforce payment of debts. If it should mistakenly assume jurisdiction in a particular case, would its action be utterly void? Suppose it were to assume jurisdiction where the proceeding should be at law; its action would not be void, but erroneous, because under some circumstances equity has jurisdiction to enforce rights strictly legal; and the mere fact that all those circumstances giving it jurisdiction in a particular case did not exist would not stamp its proceedings as utterly void. Were it, however, to assume to hang a man for murder upon a bill in chancery, its action would be void, and he would be released on habeas corpus, because on no state of facts could it do so." Either may be attacked directly but only the latter may be reached in a collateral proceeding, and it is such error that this Court has designated as being "jurisdictional". A review of those cases shows that the fatal error may or may not consist of a right specifically guaranteed by the constitution of this state or nation. All of the recidivist provisions are legislative, there being no reference thereto in our constitution, and I do not believe that it is the failure of the trial court to conform strictly to the statutory procedure that renders a sentence void but because the failure to do so violates a right guaranteed to the prisoner by the due process clauses of the constitutions of this state and nation.
Let me succinctly recapitulate my views upon the issues discussed in the other three opinions. Jurisdiction is conferred upon the courts of this state by the constitution, acts of the legislature, many of which acts as to civil jurisdiction being cited under the editorial note to Rule 1, Lugar and Silverstein, Rules of Civil Procedure for Trial Courts, adopted and promulgated by this Court, and the common law insofar as it has not been changed by statute; the recidivist statute, Code, 61-11-18, 61-11-19, as amended, is a highly penal act that comes close indeed to being violative of the double jeopardy and due process clauses of the constitution of this state and of the United States and should be strictly construed against the state and in favor of the defendant; the provisions thereof that a writing described in the act as an information shall be filed subsequent to the conviction of the defendant, before the end of the term of court during which the defendant was convicted of the principal offense, and that the defendant *605 before acknowledging that he is the same person theretofore convicted of one or more felonies must be by the court duly cautioned as to the consequences of such admission are mandatory; the failure to strictly comply with these provisions of the recidivist statute makes the sentence of such defendant beyond the term provided by law for the principal offense void as being violative of the due process clauses of the constitutions of this state and of the United States and subject to a direct or collateral attack in any court having jurisdiction; in a complex society governed by law the personal and property rights of its citizens demand strict adherence to the salutary principle of law known as res adjudicata; there must be an end to litigation and litigants as well as courts must be safeguarded against the reopening and relitigation of a legal action or proceeding once the final judgment has been entered by the trial court and the appellate period has passed except where the litigant was deprived of a fundamental right guaranteed by the constitutions of this state and of the United States or in which final judgment was the result of fraud or lack of jurisdiction; a final judgment of a trial court of this state may be attacked directly by writ of error within the appellate period or at any time thereafter, if there was fraud in its procurement or the court which rendered it did not have jurisdiction to do so, by a civil action formerly designated "a bill in the nature of a bill of review", now procedurally abolished by the Rules of Civil Procedure although the substantive right remains and may be asserted by a complaint as may all other civil actions; where a final judgment of a trial court contains recitals of jurisdictional facts such are deemed to import absolute verity and cannot be thereafter collaterally attacked in a proceeding such as habeas corpus unless such recitals are contradicted by other portions of the record itself; and, where the final judgment of a trial court is merely silent upon a question other than the question of counsel it will be presumed that such court did, and caused others to do, that which was required but omitted through inadvertence to state such action and such judgment, unless contradicted by other portions of the record, cannot be attacked collaterally in a proceeding such as habeas corpus.
Therefore, if a habeas corpus proceeding in this Court to attack the validity of a judgment of a trial court is a collateral proceeding, which I believe it to be, and as this Court has many times so held, and if in a collateral attack in an appellate court there is a presumption of validity of the judgment attacked and evidence dehors the record cannot be used for such purpose, then this Court has been in error in all of the decisions it has made in habeas corpus proceedings wherein the petitioner was discharged, except in those cases in which the validity of the judgment of the trial court was contradicted by other parts of the record. These applicable basic principles were not changed by Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733; or by State ex rel. May v. Boles, 149 W.Va. 155, 139 S.E.2d 177, and I would overrule all such cases including the May case in which it was necessary to obtain evidence dehors the record to invalidate the judgment attacked. If the Court refuses to follow that course, then the least it can do is overrule all of its decisions holding that a habeas corpus proceeding in this court is a collateral attack and find that such is a direct attack thereon.