**STATE OF WEST VIRGINIA**

*In re* **I.H., J.H., K.H., and A.S.**

**No. 18-1094** (Grant County 18-JA-1, 18-JA-2, 18-JA-3, and 18-JA-4)

**FILED**

**May 24, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# MEMORANDUM DECISION

Petitioner Mother K.T., by counsel Jeffrey N. Weatherholt, appeals the Circuit Court of Grant County's October 10, 2018, order terminating her parental rights to I.H., J.H., K.H., and A.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Meredith H. Haines, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her improvement period and in terminating her parental rights without making findings upon clear and convincing evidence, without imposing a less-restrictive alternative, and without making findings as to why other dispositional alternatives were not appropriate.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2018, the DHHR filed an abuse and neglect petition that alleged petitioner failed to provide the children with a stable home given that she would "frequently drop the children off with people for 'a few days' . . . and then leave the children there for weeks at [a] time." The petition further alleged that petitioner abused methamphetamine, was recently arrested, and that both J.H. and K.H. were born drug exposed. Additionally, the DHHR noted that then-three-year-old J.H. weighed thirty-five pounds in August of 2017, but weighed only twenty-five pounds at the time the petition was filed. Finally, the petition alleged that petitioner had recently been

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

arrested and was incarcerated at the time of the petition's filing. Thereafter, petitioner waived her right to a preliminary hearing.

At an adjudicatory hearing in March of 2018, petitioner stipulated to allegations in the petition and was granted a post-adjudicatory improvement period. Thereafter, the circuit court held two hearings to approve the case plan setting forth the terms and conditions of petitioner's improvement period, but petitioner did not appear for either hearing. Additionally, upon reports that petitioner was late for visits with the children and appeared to be under the influence of drugs or alcohol during some services, the circuit court suspended petitioner's visitation with the children.

In June of 2018, the circuit court held another hearing to approve the case plan. Petitioner appeared and moved to reinstate her visitation, which the circuit court permitted. In regard to the case plan, petitioner was required to submit to random drug screens, obtain employment, maintain stable housing, refrain from illegal activity that could result in incarceration, participate in parenting and adult life skills classes, and complete domestic violence services. Based on the approval of petitioner's case plan, the circuit court ordered that petitioner's post-adjudicatory improvement period was to commence as of the date of the hearing.

In September of 2018, both the DHHR and the guardian moved to schedule a dispositional hearing due to petitioner's noncompliance with the terms of her case plan. At the dispositional hearing in October of 2018 a DHHR employee testified that petitioner failed to comply with a single term of her case plan. Petitioner failed to consistently participate in drug screening, was discharged from parenting and adult life skills classes for nonparticipation, and again had visitation with the children suspended for failure to appear. According to further testimony, petitioner had not obtained employment or housing and was arrested in September of 2018. Petitioner moved for a post-dispositional improvement period, but the circuit court denied the request. Ultimately, the circuit court terminated petitioner's parental rights based on her noncompliance with the terms and conditions of the case plan. It is from the dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there

---

[2]Petitioner's parental rights have been terminated, as have the parental rights of the father of I.H., J.H., and K.H. Currently, I.H. and K.H. are placed in the home of their paternal grandfather, with a permanency plan of adoption in that home. J.H. has been placed in a different relative placement based upon a "close bond" between the child and the relatives. The permanency plan for J.H. is adoption in that home. Finally, A.S. remains in the custody of his nonabusing father. According to the DHHR, "[t]he siblings regularly visit together in the home where I.H. and K.H. live."

is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, the Court finds no error in the proceedings below.

In her first assignment of error, petitioner alleges that the circuit court's dispositional order "fails to state any standard of proof" by which it made its findings of fact in reaching disposition. We note, however, that petitioner has cited to no authority that requires a circuit court to specifically identify the burden of proof applied to the proceedings. It is well established that the clear and convincing burden of proof is applicable to abuse and neglect proceedings and to disposition specifically. *See State v. C.N.S.*, 173 W. Va. 651, 656, 319 S.E.2d 775, 780 (1984) (holding that, before a circuit court may sever a parent's rights, "[t]he State must produce clear and convincing evidence to support this finding"). Further, this Court has long held that

"[t]here is a presumption of regularity of court proceedings that remains until the contrary appears, and the burden is on the person who alleges such irregularity to show it affirmatively; and where an order of a court of record is merely silent upon any particular matter, it will be presumed, notwithstanding such silence, that such court performed its duty in every respect as required by law[.]" Syllabus, in part, *State ex rel. Smith v. Boles*, 150 W.Va. 1, 146 S.E.2d 585 (1965).

Syl. Pt. 2, *State v. J.S.*, 233 W. Va. 198, 757 S.E.2d 622 (2014). Here, petitioner does not allege that the evidence was insufficient or that the circuit court incorrectly held the DHHR to a lower burden of proof. The entire argument is simply that the circuit court did not explicitly articulate the burden of proof in the order on appeal. Because petitioner has failed to affirmatively show that the circuit court applied an erroneous burden of proof, and because, as more fully set forth below, the termination of petitioner's parental rights was based upon substantial evidence sufficient to satisfy the clear and convincing burden, we find that petitioner is entitled to no relief in this regard.

Next, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period when she was substantially complying with the terms and conditions of her case plan. In support of this assignment of error, petitioner cites to certain evidence that she argues establishes she was substantially complying, such as the fact that her drug screens were negative, she was seeking employment, and she made improvement in parenting abilities due to her participation in services. Petitioner also relies heavily on evidence that the visits she exercised with the children went well and demonstrated the strong bond she had with the children. We note, however, that petitioner's argument misstates the record below and ignores important aspects of her noncompliance.

For instance, petitioner argues that all of her drug screens were negative. While it is true that petitioner provided some negative screens, she fails to acknowledge that the circuit court

specifically found that she "failed to consistently participate" in the drug screening process. As a requirement of her case plan, petitioner was required to enroll in a community corrections program to submit to random drug screens. Instead of complying with this process as ordered, petitioner instead submitted to only two drug screens following hearings or multidisciplinary team meetings. Similarly, while petitioner testified that she sought employment, with no corroborating evidence, she fails to acknowledge that the circuit court found that she did not obtain employment as required by the case plan. Petitioner also ignores the fact that, while initially compliant with her parenting and adult life skills education services, "she was eventually discharged for failing to participate."

Also, in regard to visitations with the children, petitioner's arguments on appeal actively undermine her position. It is true that the visitation provider's notes reflected a strong bond between petitioner and the children and the children's excitement upon petitioner's arrival, in addition to other positive aspects of visitation. What petitioner fails to acknowledge, however, is the negative impact upon the children caused by her "fail[ure] to consistently participate in supervised visitation with the minor children." According to the circuit court, when petitioner did participate, she "was late, would fall asleep, and appeared to be under the influence of drugs." Given the children's bond with petitioner, her failure to regularly appear for visits and the issues she exhibited when she did appear were detrimental to the children's wellbeing to the extent that visitation with the children had to be suspended. As such, it is clear that the evidence upon which petitioner relies to argue that she was substantially complying with the terms of her case plan is insufficient to rebut the overwhelming evidence that petitioner was, in fact, not compliant.

West Virginia Code § 49-4-610(7) provides, in relevant part, that a circuit court may terminate an improvement period "when the court finds that [the parent] has failed to fully participate in the terms of the improvement period." Here, the circuit court set forth each of the terms of the case plan applicable to petitioner's improvement period and found that, other than some minimal compliance, she failed to participate in every item. Ultimately, petitioner argues that the circuit court erred in terminating her improvement period prior to its expiration because she alleges that she did not have sufficient time to demonstrate her improvement. We disagree, as we have long held that "it is . . . within the court's discretion to terminate the improvement period before the [applicable] time frame has expired if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589) (1996) (quoting syl. pt. 2, *In re Lacey P.*, 189 W. Va. 580, 433 S.E.2d 518 (1993)). As noted above, the circuit court not only found that petitioner was not substantially complying with the terms of her case plan, but also that her participation in some services was so poor that the services were suspended or ceased entirely.

On appeal, petitioner argues that her lack of transportation was responsible for her inability to fully comply with services. However, we note that West Virginia Code § 49-4-610(4)(A) explicitly provides that "the [parent] shall be responsible for the initiation and completion of all terms of the improvement period." Further, petitioner cites to nothing in the record to show that she requested that the DHHR make any accommodation so that she could fully comply with services, including providing assistance with transportation. Accordingly, this argument lacks merit. Petitioner also ignores the fact that her own lack of compliance was directly responsible for a delay in the commencement of her improvement period. As the circuit court found below, two hearings were scheduled to approve petitioner's case plan so that her improvement period could

4

begin. However, petitioner failed to appear for both hearings and the matter was ultimately continued until June of 2018, at which point petitioner appeared, her case plan was approved, and her improvement period officially began. In short, petitioner's failure to appear for multiple hearings resulted in a delay in the initiation of her improvement period by approximately two months. To the extent that petitioner argues she was not afforded sufficient time to show improvement, she fails to articulate how her own delay in the initiation of services was not directly responsible for the limited time she was afforded under her improvement period. Based on all of the foregoing, we find no abuse of discretion in the circuit court's decision to terminate petitioner's post-adjudicatory improvement period.

Finally, petitioner argues that the circuit court erred in terminating her parental rights. According to petitioner, the circuit court's finding that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected was erroneous. In support of this argument, petitioner cites to a prior case wherein this Court affirmed a circuit court's finding that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected because the parent in that case refused to acknowledge the abuse at issue. *In re D.H.-1*, No. 16-1123, 2017 WL 2628953, at *2 (W. Va. June 19, 2017)(memorandum decision). This case is neither controlling nor persuasive, however, as the circuit court did not did not rely on petitioner's failure to acknowledge the conditions of abuse and neglect in making its finding.

Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

The record clearly supports the circuit court's finding that there was no reasonable likelihood petitioner could substantially correct the conditions of neglect, given her failure to satisfy a single term of her case plan, as more fully set forth above. Additionally, West Virginia Code § 49-4-604(b)(6) permits a circuit court to terminate parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child. The circuit court made both findings in this matter upon substantial evidence. Further, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Given that petitioner failed to complete any of the terms of her case plan, it is clear the circuit court did not err in making these findings.

In support of her argument that termination was inappropriate, petitioner also argues that the circuit court's dispositional order "failed to discuss or make specific findings why each of the . . . less[-]restrictive [dispositional alternatives found in West Virginia Code § 49-4-604(b)] were not an appropriate remedy in this case." This argument is without merit, as petitioner has not only failed to cite to any authority that would require a circuit court to address every possible dispositional alternative, but also ignores the plain language of the statute at issue. As addressed above, West Virginia Code § 49-4-604(b)(6) states that a circuit court may terminate parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child." Again, the circuit court made these findings upon substantial evidence and, therefore, was permitted to impose this dispositional alternative. Accordingly, petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 10, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  May 24, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

6