# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Edward Washington,**
**Petitioner Below, Petitioner**

**vs)   No. 18-0107** (Kanawha County 17-P-217)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**June 17, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Edward Washington, pro se, appeals the January 3, 2018, order of the Circuit Court of Kanawha County dismissing his petition for a writ of habeas corpus without prejudice pursuant to Rule 4(c) of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia ("habeas rules"). Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex,[1] by counsel Scott E. Johnson, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Based on the proffer provided by the State at petitioner's plea hearing, petitioner and his codefendant "armed themselves with handguns" and traveled to a residence in Kanawha County on September 10, 2012, where they robbed a man and a woman and killed the male victim. Trial was scheduled for November 4, 2013; however, a plea hearing was held instead in accordance with plea agreements that petitioner and his codefendant each negotiated with the State. The State and

---

[1]Since the filing of the appeal in this case, the superintendent at Mount Olive Correctional Complex has changed and the superintendent is now Donnie Ames. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

1

each defendant agreed that, if accepted by the circuit court, his plea agreement would be binding on the court in that the parties agreed that a specific sentence was the appropriate disposition of each defendant's case.[2] Each defendant agreed to plead guilty to second-degree murder and first-degree robbery "by the [u]se of a [f]irearm as charged in [c]ount [t]wo of the indictment."[3] In exchange, the State agreed to concurrent sentencing for each defendant and not to seek recidivist charges against either defendant. There was one difference between the two plea agreements. Petitioner agreed that he would serve forty years of incarceration for second-degree murder and forty-five years of incarceration for first-degree robbery by the use of a firearm, while petitioner's codefendant agreed to serve forty-years of incarceration with regard to each of his offenses.

Parole eligibility was briefly discussed at the plea hearing with petitioner's codefendant's attorney stating that the codefendant was satisfied regarding his "eligibility for parole." Petitioner's attorney made no similar statement regarding petitioner's parole eligibility. However, petitioner did not ask to confer with his attorney regarding the issue.[4] Instead, when the circuit court asked petitioner whether he understood "the consequences of [his] plea," petitioner answered "yes, sir."[5] The circuit court further asked whether petitioner understood the offenses to which he was agreeing to plead guilty. Petitioner answered "yes, sir." The circuit court inquired whether it was petitioner's own decision to enter guilty pleas to second-degree murder and first-degree robbery by the use of a firearm. Petitioner responded that it was "[his] decision." The circuit court further asked whether petitioner wanted the court to accept the plea agreement he had with the State. Petitioner stated "yes, sir." At numerous points throughout the plea hearing, the circuit court asked petitioner and his codefendant whether either defendant wanted to change his mind and proceed to trial, explaining that, once the court accepted each defendant's guilty pleas, it would become substantially more difficult to withdraw the pleas. Each time the circuit court made this inquiry, petitioner responded that he wanted "to stay with the plea." Finally, the circuit court inquired

---

[2]A plea agreement entered into pursuant to Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure is one where, if accepted, the court must impose the sentence that the agreement states is the appropriate disposition of the case. *See State v. Allman*, 234 W.Va. 435, 437-38, 765 S.E.2d 591, 593-94 (2014) (citing *State ex rel. Forbes v. Kaufman*, 185 W.Va. 72, 76, 404 S.E.2d 763, 767 (1991)).

[3]Neither defendant's indictment is in the appellate record. Based on a review of the plea hearing transcript, petitioner and his codefendant were each indicted for felony murder and first-degree robbery by the use of a firearm. Accordingly, as part of each defendant's plea agreement, he agreed to be charged with second-degree murder by information.

[4]Because petitioner was charged with first-degree robbery "by the [u]se of a [f]irearm . . . in . . . the indictment," West Virginia Code § 62-12-13(b)(1)(C) requires him to serve fifteen years of incarceration, or one-third of his forty-five year sentence, before he becomes eligible for parole.

[5]As we noted in *State ex rel. Clancy v. Coiner*, 154 W.Va. 857, 869, 179 S.E.2d 726, 733 (1971), a plea bargain involves trade-offs where each party "relinquishes some right for what he believes is beneficial to the [S]tate and to the defendant."

whether petitioner "got exactly what [he] agreed to." Petitioner answered "yes, sir."

Also, the circuit court and the two defendants' attorneys each explained the various constitutional rights that each defendant would be giving up by pleading guilty. Petitioner's attorney further indicated that entering into the plea agreement was in petitioner's best interests. The circuit court asked each defendant whether he was satisfied with his legal representation. Petitioner responded that he was satisfied "[w]ith the services of [his attorney.]" Accordingly, the circuit court found that petitioner and his codefendant understood "all of [their] constitutional and fundamental rights" and "freely, intelligently, voluntarily, and knowingly and understandingly surrendered" those rights by pleading guilty. The circuit court accepted petitioner and his codefendant's pleas and adjudged each defendant guilty of second-degree murder and first-degree robbery by the use of a firearm. The circuit court imposed the sentences that were set forth in each defendant's plea agreement: for petitioner, forty years of incarceration for second-degree murder and forty-five years of incarceration for first-degree robbery by the use of a firearm, to be served concurrently; and for petitioner's codefendant, forty years of incarceration for each conviction, to be served concurrently.

On June 15, 2017, petitioner filed a petition for a writ of habeas corpus, alleging that his trial attorney provided ineffective assistance and that his guilty pleas were involuntarily entered.[6] As his primary claim, petitioner alleged that it was not until he received his prison time sheet that he discovered that he must serve fifteen years of incarceration, or one-third of his sentence, before becoming parole eligible. Petitioner further claimed that his trial attorney failed to adequately advise him of the constitutional rights that he would be giving up by pleading guilty and failed to conduct an adequate investigation into the merits of petitioner's case before discussing the possible entry of guilty pleas with petitioner. Finally, petitioner claimed that he asked his trial attorney to file a criminal appeal alleging that his guilty pleas were unknowingly entered because petitioner was not aware that he would have to serve one-third of his sentence before becoming parole eligible.[7] By order entered January 3, 2018, the circuit court dismissed petitioner's habeas petition

---

[6]In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the following: (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995) (adopting *Strickland*). In syllabus point six of *State ex rel. Vernatter v. Warden, West Virginia Penitentiary*, 207 W.Va. 11, 528 S.E.2d 207 (1999), we held that, in cases involving the entry of guilty pleas, the *Strickland/Miller* standard requires that "a habeas petitioner show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

[7]Petitioner also made allegations based on his plea agreement with the State. By scheduling order entered February 16, 2018, we permitted petitioner to proceed on a designated record in this appeal, but the record so "designated by the parties" and certified to this Court by the circuit clerk does not include petitioner's plea agreement. Accordingly, we decline to consider petitioner's

3

pursuant to Rule 4(c) of the habeas rules. The circuit court found that the factual allegations set forth in petitioner's petition were insufficient to overcome the presumption of regularity that attaches to court proceedings. However, the circuit court utilized its authority under Habeas Rule 4(c) to designate its dismissal as "without prejudice" and directed the circuit clerk to "serve a copy of this order upon . . . petitioner" to notify him of the opportunity to refile with more detailed factual allegations.

Petitioner now appeals the circuit court's January 3, 2018, order dismissing his habeas petition without prejudice. We review the circuit court's order under the following standards:

> 1.  "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).
>
> ****
>
> 3.  "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 and 3, of *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016). Habeas Rule 4(c) provides, in pertinent part, that if a habeas petition sets forth inadequate factual allegations, "the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support" and that "[t]he court shall cause the petitioner to be notified of any summary dismissal." *See Losh v. McKenzie*, 166 W.Va. 762, 771, 277 S.E.2d 606, 612 (1981) (finding that a habeas petition "without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing").

On appeal, petitioner argues that the circuit court's dismissal order pursuant to Habeas Rule 4(c) is devoid of any reasoning as to why the factual allegations set forth in his petition did not at

---

arguments on appeal that are based on the plea agreement. *See State v. Honaker*, 193 W.Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994) (stating that "we will take as non[-]existing all facts that do not appear in the designated record and will ignore those issues where the missing record is needed to give factual support to the claim").

least entitle him to an evidentiary hearing and appointment of habeas counsel.[8] *See* Syl. Pt. 1, *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997) (holding that West Virginia Code § 53-4A-7(c) requires an order denying or granting habeas relief to contain specific findings of fact and conclusions of law relating to each contention raised). We disagree. "There is a presumption of regularity of court proceedings that remains until the contrary appears, and the burden is on the person who alleges such irregularity to show it affirmatively[.]" Syl., *State ex rel. Smith v. Boles*, 150 W.Va. 1, 146 S.E.2d 585 (1965). Here, the circuit court found that petitioner failed to set forth factual allegations sufficient to overcome the presumption of regularity that attaches to court proceedings, but left open the possibility that petitioner could do so in a subsequent petition. That is why the circuit court utilized its authority under Habeas Rule 4(c) to designate its dismissal as "without prejudice" and directed the circuit clerk to "serve a copy of this order upon . . . petitioner" to notify him of the opportunity to refile with more detailed factual allegations. Based on our review of the plea hearing transcript, we concur with the circuit court's finding that the factual allegations set forth in petitioner's petition were insufficient to overcome the presumption of regularity of court proceedings. Accordingly, given that the circuit court's utilization of Habeas Rule 4(c) allows petitioner to raise the same claims in a subsequent well-supported petition, we conclude that the circuit court did not abuse its discretion in dismissing this habeas petition without prejudice.

For the foregoing reasons, we affirm the circuit court's January 3, 2018, order dismissing without prejudice petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: June 17, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[8]Respondent argues that the circuit court's dismissal without prejudice of petitioner's habeas petition should be affirmed.