# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Don Galloway,**
**Petitioner Below, Petitioner**

**vs)  No. 18-0688**   (Summers County 18-C-30)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**November 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Don Galloway, pro se, appeals the July 10, 2018, order of the Circuit Court of Summers County denying his second petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex,[1] by counsel Elizabeth Davis Grant, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2008, a Summers County grand jury indicted petitioner on two counts of possession of a controlled substance with intent to deliver, one count of intimidation of and retaliation against a public officer, three counts of battery on a police officer, and one count of obstructing an officer. Prior to trial, petitioner, by counsel Jason Parmer, filed a motion to suppress the evidence seized by a search warrant on the grounds that the search warrant affidavit was "bare bones, conclusory, and contains false information offered by Deputy James A. Chellis in intentional or reckless disregard of the truth."

---

[1]Since the filing of the appeal in this case, the superintendent at Mt. Olive Correctional Complex has changed and the superintendent is now Donnie Ames. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

1

Following a January 30, 2009, hearing, the circuit court denied petitioner's motion to suppress in a February 6, 2009, order. The court found that two confidential informants, one male and one female, called the Summers County Sheriff's Department on March 1, 2008, and advised that a large shipment of illegal drugs was at petitioner's home. The court further found that Deputy Chellis completed an "Affidavit and Complaint for Search Warrant," in which he referenced these anonymous calls and stated that petitioner's residence was known for high drug activity and that surveillance on the residence revealed a large amount of activity there. The court noted that Deputy Chellis stated that both confidential informants said the same thing regarding the drug activity at petitioner's residence and, therefore, corroborated each other. The court found that the actions taken by Deputy Chellis and the Sheriff's Department constituted independent verification that established the informants' reliability, that there was probable cause for the issuance of the search warrant based upon Deputy Chellis's affidavit, and that the articles seized during the authorized search should be admitted into evidence at petitioner's trial.

Subsequently, the circuit court permitted Mr. Parmer to withdraw as counsel and appointed attorney Jason Grubb to represent petitioner. During trial, petitioner waived his right to remain silent and testified that he removed a bottle of Xanax prescribed to his girlfriend from her purse and intended to share with a friend, but not to sell it. Following trial, a jury acquitted petitioner of all charges except count two, which charged possession of a controlled substance with intent to deliver.

The State subsequently filed a recidivist information against petitioner pursuant to West Virginia Code §§ 61-11-18 and -19 given his prior convictions for voluntary manslaughter, possession of a controlled substance with intent to deliver, and third-degree sexual assault. Following a recidivist trial, the circuit court sentenced petitioner to a life term of incarceration as a habitual offender in a February 24, 2010, order. Petitioner appealed his recidivist conviction in *State v. Galloway* ("*Galloway I*"), No. 101185 (W.Va. Mar. 11, 2011) (memorandum decision), *cert. denied*, 565 U.S. 914 (2011).[2] On appeal, petitioner argued that his conviction for possession of a controlled substance with intent to deliver, which triggered the recidivist information, should be reversed and all charges dismissed because his motion to suppress should have been granted. This Court rejected petitioner's argument and affirmed his recidivist conviction, finding "[no] clear error in the circuit court's denial of the motion to suppress." *Id.* at 3.

In 2012, petitioner initiated a habeas corpus proceeding and attorney Paul Cassell was appointed as habeas counsel. Petitioner filed an amended petition for a writ of habeas corpus on May 1, 2014, raising ineffective assistance of trial counsel, disproportionate sentence, and cumulative error. At an August 14, 2015, omnibus hearing, petitioner's habeas counsel inquired whether the circuit court wanted to question petitioner regarding his *Losh* list.[3] Thereafter, the court cautioned petitioner that all issues he did not raise would be waived:

_____

[2]We take judicial notice of the appellate record in *Galloway I* and the record in the underlying criminal case, Summers County Case No. 08-F-35.

[3]In *Losh v. McKenzie*, 166 W. Va. 762, 768-70, 277 S.E.2d 606, 611-12 (1981), we compiled a non-exclusive list of potential grounds that a circuit court should address with a habeas

2

THE COURT: [Petitioner], you understand this is your day in court?

PETITIONER: Yes, sir.

THE COURT: If you want to say anything at all concerning your habeas corpus proceeding, then you need to say it now. If you don't raise it now, if you don't testify, we're not going to come back later and let you testify again. If you don't raise issues that could be raised at this hearing, then they're deem waived. Do you understand that and, knowing that, have you raised all the issues that you wish to raise today?

PETITONER: I'm good, Your Honor. Thank you.

THE COURT: You've raised all the –

PETITIONER: Yes, sir.

Petitioner's habeas counsel called former Deputy Chellis and the Summers County Sheriff to testify and questioned them regarding the basis for seeking the search warrant for petitioner's residence.[4] Habeas counsel also called petitioner's substitute trial counsel, Mr. Grubb, as a witness, who noted that petitioner was acquitted of all charges except possession of a controlled substance with intent to deliver. Mr. Grubb testified that he believed petitioner was convicted of that charge because, against Mr. Grubb's advice, petitioner waived his right to remain silent and testified that he removed the Xanax bottle from his girlfriend's purse. Petitioner's habeas counsel asked Mr. Grubb whether he considered filing a post-trial motion to seek reconsideration of the denial of the motion to suppress. Mr. Grubb answered negatively, testifying that he felt that ruling had already been made and that it was a strategic decision to attack the illegality of the search of petitioner's residence at trial.

By order entered September 18, 2015, the circuit court rejected petitioner's grounds for relief, noted that it addressed all issues on petitioner's *Losh* list, and denied the amended habeas petition. Petitioner appealed the September 18, 2015, order in *Galloway v. Ballard* ("*Galloway II*"), No. 15-1005, 2016 WL 5210850 (W.Va. September 19, 2016) (memorandum decision). In *Galloway II*, this Court affirmed the September 18, 2015, order, finding that the circuit court properly denied the habeas petition and adopting its findings and conclusions. *Id.* at \*2.

On July 3, 2018, petitioner filed a second habeas petition. In this petition, petitioner raised the following grounds for relief: (1) ineffective assistance of habeas counsel; (2) ineffective assistance of trial counsel; (3) ineffective assistance of counsel at the January 30, 2009, suppression hearing; (4) ineffective assistance of counsel during petitioner's criminal appeal when appellate counsel failed to include the complete February 6, 2009, order denying the motion to

---

petitioner as to whether each ground was being either waived or raised in the proceeding.

[4]At the time of the hearing, Deputy Chellis was no longer employed as a deputy sheriff.

suppress in the record; (5) prosecutorial misconduct given that the prosecuting attorney knew that Deputy Chellis's testimony at the suppression hearing was false; (6) prosecutorial misconduct given that the State's appellate attorney knew that Deputy Chellis's testimony at the suppression hearing was false; (7) the State's knowing use of Deputy Chellis's false testimony; and (8) denial of a fair trial given the ineffectiveness of suppression hearing, trial, appellate, and habeas counsel when no counsel discovered that the February 6, 2009, order was missing two pages.

By order entered July 10, 2018, the circuit court declined to consider issues other than ineffective assistance of habeas counsel, finding that the other issues were previously and finally adjudicated and/or waived. With regard to ineffective assistance of habeas counsel, the circuit court found:

> Contrary to . . . [p]etitioner's allegations, Mr. Cassell's representation of . . . [p]etitioner as habeas counsel was not objectively unreasonable. A review of the record indicates that Mr. Cassell actively represented . . . [p]etitioner during his omnibus hearing and the . . . filing of his [amended] [p]etition for a [w]rit of [h]abeas [c]orpus. In both instances, Mr. Cassell advocated on the behalf of . . . [p]etitioner, as a reasonable attorney would in the post-conviction stage of criminal representation. Even assuming *arguendo* that some aspect of Mr. Cassell's representation was objectively unreasonable, . . . [p]etitioner fails to proffer any evidence, absent unsubstantiated conjecture, that the result of the proceedings would have been different. As a result, the allegations set forth in [p]etitioner's first ground do not pass the [*Strickland/*]*Miller* criteria [for determining ineffective assistance of counsel].

It is from the circuit court's July 10, 2018, order that petitioner now appeals. In Syllabus Points 1 and 3 of *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016), we held:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

> . . . .

> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004).

4

In Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), we held:

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

On appeal, petitioner argues that the findings set forth in the circuit court's July 10, 2018, order were insufficient under Syllabus Point 1 of *State ex rel. Watson v. Hill*, 200 W. Va. 201, 488 S.E.2d 476 (1997), in which we held that "West Virginia Code section 53-4A-7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined." Here, the circuit court (1) found that issues other than ineffective assistance of habeas counsel were previously and finally adjudicated and/or waived; and (2) rejected the claim that habeas counsel provided ineffective assistance on its merits. Therefore, upon our review of the July 10, 2018, order, we conclude that the circuit court's findings were sufficient under Syllabus Point 1 of *Watson* and reject petitioner's argument.

Petitioner concedes that his other issues "are intertwined" with the ineffective assistance claim given that the other issues were allegedly "not raised by prior habeas counsel." In Syllabus Points 5 and 6 of *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), we held:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

> In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

"Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 17, 528 S.E.2d 207, 213 (1999) (citing *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 321, 465 S.E.2d 416, 423 (1995)).

Here, petitioner argues that both trial counsel were ineffective and that his motion to suppress the evidence seized at his residence should have been granted. The August 14, 2015, omnibus hearing transcript reflects that petitioner's habeas counsel questioned former Deputy Chellis and the Summers County Sheriff regarding the basis for seeking the search warrant for petitioner's residence and asked one of petitioner's trial counsel, Mr. Grubb, whether he considered filing a post-trial motion to seek reconsideration of the denial of the motion to suppress. Mr. Grubb answered negatively, testifying that he felt that the ruling had already been made and that it was a strategic decision to attack the illegality of the search of petitioner's residence at trial. While petitioner is critical of habeas counsel for failing to call his other trial counsel as an additional witness, we note Mr. Grubb's testimony that it was petitioner's decision to testify against his advice that led to petitioner's conviction on one count of the indictment.

We further note that petitioner's allegation that he was not advised that he needed to either raise or waive all issues on his *Losh* list is likewise belied by the record. Petitioner's habeas counsel inquired whether the circuit court wanted to question petitioner regarding his *Losh* list. Thereafter, the court cautioned petitioner that all issues he did not raise would be waived and asked petitioner twice whether all grounds he wanted to raise were being asserted. Petitioner answered affirmatively both times. Accordingly, we concur with the circuit court's finding that petitioner waived any issue that he did not raise in his omnibus habeas corpus proceeding.

Additionally, we note that not only did habeas counsel challenge the legality of the seizure of evidence at petitioner's residence, but also that petitioner's initial trial counsel raised this issue at the January 30, 2009, suppression hearing and appellate counsel challenged the denial of the motion to suppress in *Galloway I*. "While a defendant is entitled to due process of law, he is not entitled to appeal upon appeal, attack upon attack, and *habeas corpus* upon *habeas corpus*. There must be some end to litigation[.]" *Call v. McKenzie*, 159 W. Va. 191, 194, 220 S.E.2d 665, 669 (1975); *see White*, 215 at 705 n.9, 601 S.E.2d at 25 n.9 (affirming denial of a prisoner's second habeas petition, finding that it "is difficult to muster any sound reasoning for giving [him] another bite at the apple"). Therefore, we concur with the circuit court's finding that petitioner may not re-raise issues finally adjudicated in prior proceedings.

Petitioner makes one last argument in his attempt to evade the application of the doctrine of res judicata. Petitioner argues both that habeas counsel was ineffective in failing to discover that the appellate record in *Galloway I* did not include a complete copy of the circuit court's February 6, 2009, order denying the motion to suppress, and that petitioner's discovery of the omission of two pages of the order constitutes newly discovered evidence pursuant to Syllabus Point 4 of *Losh*. Respondent counters that petitioner fails to show that the appellate record in *Galloway I* did not include a complete copy of the February 6, 2009,order. We agree with respondent.

"On an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." *Perdue*, 156 W. Va. at 467, 194 S.E.2d at 658, syl. pt. 2; Syl., in part, *State ex rel. Smith v. Boles*, 150 W. Va. 1, 146 S.E.2d 585 (1965) (holding that "[t]here is a presumption of regularity of court proceedings that remains until the contrary appears, and the burden is on the person who alleges

6

such irregularity to show it affirmatively"). Here, appellate counsel filed petitioner's appeal in *Galloway I* under the Former Rules of Appellate Procedure and designated the entire record for this Court's review. In a December 7, 2010, order, finding it appropriate to consider the appeal under the Revised Rules of Appellate Procedure, we noted that the record "accompan[ied] the petition [for appeal]." Moreover, a May 9, 2011, receipt from the Circuit Clerk of Summers County reflects that, when this Court's Clerk transmitted the mandate following our decision in *Galloway I*, the Clerk also returned the record to the circuit clerk. Accordingly, we find that this Court had the record from the circuit clerk during our consideration of the appeal in *Galloway I*.

We find that, while appellate counsel may have submitted an incomplete copy of the February 6, 2009, order as an attachment to the petition for appeal, the record contains a complete copy of the order with the correct date timestamped on its first page. We further find that our setting forth of the circuit court's extensive findings from the February 6, 2009, order in our decision in *Galloway I* reflects that this Court reviewed the complete order. Therefore, based on our review of the record, the circuit court properly rejected this and every other claim that habeas counsel failed to investigate the record and/or vigorously represent petitioner in the omnibus proceeding.

Finally, we concur with the circuit court's finding that, even if habeas counsel's performance was deficient in some way, that deficiency did not determine the outcome of the prior proceeding as there was sufficient evidence showing that petitioner was properly convicted. Petitioner himself testified at trial that he removed a bottle of Xanax prescribed to his girlfriend from her purse to share with a friend. While petitioner stated that he did not intend to sell the Xanax, the jury found him guilty beyond a reasonable doubt of possession of a controlled substance with intent to deliver. *See* Syl. Pt. 3, in part, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995) (holding that "[c]redibility determinations are for a jury and not an appellate court"). Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's second habeas petition without a hearing and without appointment of counsel.

For the foregoing reasons, we affirm the circuit court's July 10, 2018, order denying petitioner's second petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: November 15, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison