**FILED**
**January 29, 2026**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **C.D.**

**No. 25-23** (Gilmer County CC-11-2024-JA-15)

**MEMORANDUM DECISION**

Petitioner Mother T.C.[1] appeals the Circuit Court of Gilmer County's December 17, 2024, order dismissing the abuse and neglect petition against C.D.'s father,[2] arguing that the dismissal was erroneous. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On November 14, 2024, the DHS filed an abuse and neglect petition against the father alleging that he placed the child at serious risk of injury because he left firearms within easy reach of the child and his home was in an unsanitary, deplorable condition. According to the record, the child split time between the petitioner's home in Gilmer County and the father's home in Doddridge County. At the preliminary hearing on November 25, 2025, the circuit court observed that the DHS had also filed a petition based on the same set of facts in the Circuit Court of Ritchie County[3] and, "by Order entered on November 14, 2024, [the Circuit Court of Ritchie County] found that there was no evidence to support the petition and dismissed it." On behalf of the DHS, the prosecutor agreed that petitions were filed in Ritchie and Gilmer Counties and that the Circuit Court of Ritchie County had "adjudicated" the issues. The prosecutor also stated the DHS would withdraw the Gilmer County petition. In response, counsel for the petitioner proffered that the petitioner was "not happy . . . because she alleges that the abuse occurred in Dod[d]ridge County, not Ritchie." The circuit court concluded that "pursuant to Rule 4a of the [West Virginia] Rules of Procedure for [Child] Abuse and Neglect [Proceedings[4]], that Ritchie County ha[d] adjudicated that issue, [and] that a petition [could not] be filed in more than one county." As a result, the circuit

---

[1] The petitioner appears by counsel Andrew Chattin. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Heather L. Olcott. Counsel Mackenzie A. Holdren appears as the child's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] A copy of the of the petition filed in Ritchie County was not included in the appendix.

[4] Rule 4a provides, in part, that "[u]nder no circumstances may a party file a petition in more than one county based on the same set of facts."

court dismissed the petition. Additionally, the circuit court advised that "if [the petitioner] believes that Ritchie County did not have jurisdiction, she can seek an extraordinary remedy of prohibition in the Supreme Court."[5] It is from the order dismissing the case that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner raises a single assignment of error in which she argues that the circuit court erred in dismissing the petition at the preliminary hearing. While the petitioner acknowledges that "[a]t the same time this case was going on the [DHS] in Ritchie County had filed an identical case alleging the same set of facts," she maintains that "the [c]ourt acted too quickly in dismissing the case because her son, C.D., was actively being abused by his father." However, the petitioner's brief fails to cite any relevant authority in support of her argument. This failure violates Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which requires an appellant's brief to "contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on." Indeed, this Court has repeatedly admonished that "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim." *State, Dep't of Health v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) (alterations in original) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)); *see also State v. White*, 228 W. Va. 530, 541 n.9, 722 S.E.2d 566, 577 n.9 (2011) ("Typically, this Court will not address issues that have not been properly briefed."); *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues . . . mentioned only in passing but are not supported with pertinent authority, are not considered on appeal.").

Moreover, given that the petitioner's brief lacks citations to authority and a substantive argument, she has failed to establish any error in the proceedings below. This Court has held that

> [a]n appellant must carry the burden of showing error in the judgment of which [s]he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 2, *W. Va. Dep't of Health & Hum. Res. Emp. Fed. Credit Union v. Tennant*, 215 W. Va. 387, 599 S.E.2d 810 (2004) (quoting Syl. Pt. 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966)); *see also* Syl. Pt. 2, in part, *State v. J.S.*, 233 W. Va. 198, 757 S.E.2d 622 (2014) ("There is a presumption of regularity of court proceedings that remains until the contrary appears, and the burden is on the person who alleges such irregularity to show it affirmatively." (quoting Syl., in part, *State ex rel. Smith v. Boles*, 150 W. Va. 1, 146 S.E.2d 585 (1965))). Here, the petitioner does not challenge the basis of the circuit court's decision, that being the factual determination that the Circuit Court of Ritchie County had recently considered and dismissed an abuse and neglect petition based on the same set of facts. Nor does she challenge the circuit court's legal conclusion

---

[5] The permanency plan for C.D. is shared custody with the parents pursuant to a parenting plan that was implemented by the family court.

that dismissal of the petition was necessary pursuant to Rule 4a of the Rules of Procedure for Child Abuse and Neglect Proceedings. As we have not been presented with any law or evidence to the contrary, we must presume that the circuit court's dismissal of the petition was proper. Consequently, the petitioner is entitled to no relief.

For the foregoing reasons, we affirm the circuit court's December 17, 2024, order.

Affirmed.

**ISSUED:** January 29, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III