FILED

March 3, 2026

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **N.A.**

**No. 25-248** (Harrison County CC-17-2024-JA-162)

## MEMORANDUM DECISION

Petitioner Mother K.A.[1] appeals the Circuit Court of Harrison County's March 20, 2025, order terminating her parental and custodial rights to N.A., although she fails to allege any specific error in the proceedings below.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Given that the petitioner's appeal before this Court raises no specific challenge to any act by the circuit court below, it is unnecessary to belabor the procedural history of this matter. The DHS filed a petition in October 2024, shortly after the child's birth, alleging that the petitioner tested positive at delivery for amphetamine and fentanyl and admitted to actively abusing methamphetamine. The child was placed in the neonatal intensive care unit due to prematurity and respiratory distress. The DHS further alleged that the petitioner had a history of substance abuse and that her parental rights to three other children had previously been terminated. Following a hearing in November 2024, for which the petitioner did not appear but was represented by counsel, the circuit court entered an order adjudicating her of abusing and/or neglecting N.A. as there had not been a material change of circumstances since the prior termination of her rights.[3]

---

[1] The petitioner appears by counsel Marci R. Carroll, who filed a brief in accordance with Rule 10(c)(10) of the West Virginia Rules of Appellate Procedure. The Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Wyclif S. Farquharson. Counsel Heidi M. Georgi Sturm appears as the child's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] The court reached this conclusion based upon several documents which were admitted into evidence, without objection, including the dispositional order in the petitioner's prior abuse and neglect proceeding, the results of N.A.'s umbilical cord testing (positive for amphetamine and methamphetamine), and the results of the petitioner's recent drug screens (positive for amphetamine, methamphetamine, and, on one occasion, fentanyl and norfentanyl).

In March 2025, the circuit court held a dispositional hearing. The petitioner did not attend but was represented by counsel. The court concluded that there was no reasonable likelihood that the petitioner could correct the conditions of abuse and neglect as she had failed to participate "in any meaningful way" in the proceedings and her most recent drug screen had been positive for illegal substances. The court further found that since the petitioner had demonstrated the intent to forego all parental and custodial responsibilities, termination was in N.A.'s best interest, especially given the child's young age and need for permanency. Accordingly, the court terminated the petitioner's parental and custodial rights.[4] The petitioner now appeals from this dispositional order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). As noted above, the petitioner fails to challenge any act of the circuit court in her petition for appeal. In the "Assignments of Error" section of the brief, the petitioner's counsel states that the petitioner would specify "any assignments of error . . . in a supplemental [self-represented] brief," then speculates as to what those "likely assignments of error [might] be." In the "Argument" section, the petitioner's counsel again notes that the petitioner would "present her argument" in a supplemental brief. However, despite this Court granting counsel's motion for the petitioner to file a self-represented brief pursuant to Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure, the petitioner failed to do so. Accordingly, this Court is left with no assignment of error to address in affirming the circuit court's dispositional order. As we have explained, "[t]here is a presumption of regularity of court proceedings that remains until the contrary appears, and the burden is on the person who alleges such irregularity to show it affirmatively." Syl. Pt. 2, in part, *State v. J.S.*, 233 W. Va. 198, 757 S.E.2d 622 (2014) (quoting Syl., in part, *State ex rel. Smith v. Boles*, 150 W. Va. 1, 146 S.E.2d 585 (1965)). Because the petitioner has failed to establish any irregularity in the proceedings below, we must affirm the circuit court's order.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 20, 2025, order is affirmed.

Affirmed.

**ISSUED**: March 3, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[4] The circuit court also terminated the father's parental and custodial rights. The child's permanency plan is adoption in the current placement.