# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Anthony H.,**
**Respondent Below, Petitioner**

**v.)  No. 24-545** (Kanawha County CC-20-2024-D-AP-14)

**Matthew S.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

The petitioner, Anthony H., appeals from an order entered on August 29, 2024, by the Circuit Court of Kanawha County terminating the domestic violence protective order ("DVPO") that the Family Court of Kanawha County issued against the respondent, Matthew S.[1] On appeal, the petitioner argues that the circuit court erred by terminating the DVPO, prohibiting the presentation of evidence, and acting in a prejudiced and biased manner. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On August 8, 2024, an altercation involving a firearm occurred between the petitioner and the respondent, who is petitioner's son-in-law, outside of the petitioner's home.[2] The petitioner filed a petition for a DVPO against the respondent. Following an evidentiary hearing before the Family Court of Kanawha County, the family court issued a DVPO in favor of the petitioner. According to the portion of the DVPO included in the appendix record, the petitioner testified that the respondent and his wife arrived at the petitioner's home uninvited, so he approached the couple's car to tell them to leave. The petitioner claimed that the respondent then pointed a firearm at him. The respondent admitted to pulling a firearm out of his center console, loading it, and placing it on his lap; however, he denied pointing it at the petitioner. The family court found that the petitioner's testimony was more credible and that the respondent placed the petitioner in reasonable fear of his safety. The respondent appealed the family court's order to the circuit court arguing that he was defending his family from the petitioner.

---

[1] The parties are self-represented. To protect the confidentiality of a juvenile involved in this case, we refer to the parties by their last initial rather than their full last name. *See* W. Va. R. App. P. 40(e).

[2] We glean the facts recited herein from the parties' briefs and the limited appendix record, which includes an incomplete copy of the DVPO and a transcript of the hearing before the circuit court, but not the family court recording.

On August 29, 2024, the circuit court held a hearing on the respondent's appeal. At the outset, the circuit court explained to the parties that its consideration of the appeal was limited to "the record that was established in the Family Court," which it had reviewed, and thus, would "not be taking any evidence." After giving the parties an opportunity to argue their positions, the circuit court terminated the DVPO. The circuit court found that, "based upon the review of the exact testimony that was had before [the family court]," the family court erred in its "findings of fact to the credibility to each of [the parties]," in denying the respondent's request to introduce a video recording of the altercation as evidence, and in concluding that the respondent could not claim self-defense.[3] After the circuit court made its ruling, the petitioner argued that the circuit court should consider the video because it would show that he never reached into the respondent's vehicle. The circuit court responded by explaining that it could not consider the video because it was not in the record. In its written order, the circuit court found that the petitioner "instigated the situation by attempting to reach into [the respondent's] vehicle through the window, which placed [the respondent] in a reasonable belief that he and his family were in imminent danger of serious bodily harm"; that West Virginia Code § 55-7-22(c)-(d)[4] "provides a full and complete defense to any civil action brought by an intruder or attacker against a person using such force"; that the respondent's testimony was more credible than the petitioner's; and that the petitioner was not in fear of his safety. The petitioner appeals from this order.

On appeal from a domestic violence protective order, this Court reviews the circuit court's findings of fact under a clearly erroneous standard, its conclusions of law de novo, and its final order and ultimate disposition under an abuse of discretion standard. Syl. Pt. 1, *John P.W. ex rel. Adam W. v. Dawn D.O.*, 214 W. Va. 702, 591 S.E.2d 260 (2003). Before this Court, the petitioner asserts the following three assignments of error: the circuit court erred by (1) terminating the DVPO "without just cause"; (2) failing to allow him to present evidence; and (3) acting in a

---

[3] We note that the circuit court's decision relies on testimony from the family court hearing that is not reflected in the appendix record because the petitioner failed to include a recording of that hearing.

[4]     West Virginia Code § 55-7-22(c)-(d) provides as follows:

(c) A person not engaged in unlawful activity who is attacked in any place he or she has a legal right to be outside of his or her home or residence may use reasonable and proportionate force against an intruder or attacker: *Provided*, That such person may use deadly force against an intruder or attacker in a place that is not his or her residence without a duty to retreat if the person reasonably believes that he or she or another is in imminent danger of death or serious bodily harm from which he or she or another can only be saved by the use of deadly force against the intruder or attacker.

(d) The justified use of reasonable and proportionate force under this section shall constitute a full and complete defense to any civil action brought by an intruder or attacker against a person using such force.

biased and prejudiced manner. However, the petitioner has precluded our review of these issues by failing to comply with the West Virginia Rules of Appellate Procedure.

First, the petitioner failed to include a complete copy of the DVPO and the recording of the family court hearing in the appendix record in contravention of Rule 7(d) of the West Virginia Rules of Appellate Procedure. Rule 7(d) requires that a petitioner "prepare and file an appendix containing," among other items, "[t]he judgment or order appealed from, and all other orders applicable to the assignments of error on appeal," "[m]aterial excerpts from official transcripts of testimony or from documents in connection with a motion," and "[o]ther parts of the record necessary for consideration of the appeal." Here, the DVPO and the recording of the family court hearing are integral to this Court's review of the proceedings below. Without these items, we are unable to adequately consider whether the circuit court's termination of the DVPO is an abuse of discretion or whether its factual findings are clearly erroneous. Therefore, based on the limited record before us, the petitioner has failed to provide this Court with a record affirmatively showing error below, and, thus, we conclude that there is no basis upon which to grant him relief in this regard. *See* Syl. Pt. 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966) ("An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment."); *see also* Syl. Pt. 2, in part, *State v. J.S.*, 233 W. Va. 198, 757 S.E.2d 622 (2014) ("There is a presumption of regularity of court proceedings that remains until the contrary appears, and the burden is on the person who alleges such irregularity to show it affirmatively." (quoting Syl., in part, *State ex rel. Smith v. Boles*, 150 W. Va. 1, 146 S.E.2d 585 (1965))).

Second, the petitioner failed to support his assignments of error with arguments containing citation to the record, citation to applicable authorities, or a meaningful analysis. This failure violates Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which specifies that an appellant's brief "must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal." This Court "may disregard errors that are not adequately supported by specific references to the record on appeal." Indeed, this Court has repeatedly admonished that "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim." *State, Dep't of Health v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) (alteration in original) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)); *see also State v. White*, 228 W. Va. 530, 541 n.9, 722 S.E.2d 566, 577 n.9 (2011) ("Typically, this Court will not address issues that have not been properly briefed."); *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues . . . mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."). While we recognize that the petitioner is a self-represented litigant, he must still support his alleged errors in accordance with Rule 10(c)(7). *See State v. Gibson*, No. 23-556, 2025 WL 3287585, at *2 (W. Va. Nov. 25, 2025) (memorandum decision). Because the petitioner has failed to comply with Rule 10(c)(7), we decline to address the petitioner's arguments on appeal.

For the foregoing reasons, we affirm the circuit court's August 29, 2024, order.

Affirmed.

**ISSUED:** June 1, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III